### In re FASGO, INC., Debtor.

### Bankruptcy No. 84–03112G.

United States Bankruptcy Court,
E.D. Pennsylvania.

Feb. 26, 1986.

Pace Reich, Pincus, Verlin, Hahn & Reich, Philadelphia, Pa., for debtor.

Prince Altee Thomas, Deputy Atty. Gen., Com. of Pennsylvania, Philadelphia, Pa., for Com. of Pennsylvania.

### OPINION

EMIL F. GOLDHABER, Chief Judge:

This appears to be a case of first impression. The gravamen of the debtor's motion at bench is whether a state may file, postpetition, against the debtor, a "notice of assessment/determination," without first seeking relief from the automatic stay of 11 U.S.C. § 362(a) of the Bankruptcy Code ("the Code"). On the basis of the reasons expressed below, we conclude that the automatic stay bars the state from sending the described document to the debtor and, hence, said "assessments" are null and void.

The facts of this case are as follows:[1] In 1984, the debtor filed a petition for relief

---

**1.** This opinion constitutes the findings of fact and conclusions of law required by Bankruptcy rule 7052.

under chapter 7 of the Code which has since been converted to a chapter 11 proceeding. Thereafter the Commonwealth of Pennsylvania ("the Commonwealth") sent the debtor a "notice of assessment/determination" for prepetition *taxes*. At all times prior to the filing of the instant motion, both the debtor and the Commonwealth referred to this document as an "assessment". Prior to sending the debtor the notice, the Commonwealth did not move for relief from the automatic stay. Thereupon, the debtor filed the instant motion to avoid the alleged postpetition assessments, a list of which is detailed in the order accompanying this opinion.

The filing of a petition under the Code automatically gives rise to a stay which generally bars creditors from undertaking certain debt action against the debtor, his property or property of the bankruptcy estate. 11 U.S.C. § 362(a). More particularly,

§ 362. Automatic stay

(a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title, or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3) ), operates as a stay, applicable to all entities, of—

\* \* \* \* \* \*

(6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title;

\* \* \* \* \* \*

(b) The filing of a petition under 301, 302, or 303 of this title, or of an application under section 5(a)(3) of the Securities Investor Protection Act of 1970 (15 U.S.C. 78eee(a)(3) ), does not operate as a stay—

\* \* \* \* \* \*

(9) under subsection (a) of this section, of the issuance to the debtor by a governmental unit of a notice of tax deficiency;

\* \* \* \* \* \*

11 U.S.C. 362(a)(6) and (b)(9). Under the quoted statutory material it is clear that § 362(a)(6) bars any act to collect, assess or recover a prepetition claim against the debtor while § 362(b)(9) allows a governmental unit to issue postpetition a "notice of tax deficiency."

▉ The distinction at issue is pertinent, since actions taken in violation of the automatic stay are void. *Kalb v. Feuerstein*, 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall*, 685 F.2d 1306, 1308 (11th Cir. 1982); *Emerson Quiet Kool Corp. v. Marta Group, Inc.* (In Re Marta Group, Inc.), 33 B.R. 634, 639 (Bankr.E.D.Pa.1983). Furthermore, several cases have upheld the literal terms of § 362(a)(6) and held that the attempted postpetition assessment of a prepetition tax is void. *See., e.g., United States v. Coleman American Co., Inc.* (In Re Coleman American Co., Inc.), 26 B.R. 825, 830–31 (Bankr.D.Kan.1983).

▉ In the case at hand, the debtor asserts that the mailing of the document was an act to assess a prepetition claim. The Commonwealth, on the other hand, contends that the instrument does not create a lien on the debtor's property, and is thus nothing more than a "notice of tax deficiency", as envisioned by § 362(b)(9).

On the Commonwealth's point that an assessment necessarily entails a charge or lien against the debtor's property, we quote from *Black's Law Dictionary:*

Assess. To ascertain; fix the value of. To fix the amount of the damages or the value of the thing to be ascertained. To impose a pecuniary payment upon persons or property. To ascertain, adjust, and settle the respective shares to be contributed by several persons toward an object beneficial to them all, in proportion to the benefit received. To tax.

In connection with taxation of property, means to make a valuation and appraisal of property, usually in connection with listing of property liable to taxation, and implies the exercise of discretion on the part of officials charged with duty of

assessing, including the listing or inventory of property involved, determination of extent of physical property, and placing of a value thereon. To adjust or fix the proportion of a tax which each person, of several liable to it, has to pay; to apportion a tax among several; to distribute taxation in a proportion founded on the proportion of burden and benefit. To calculate the rate and amount of taxes. To levy a charge on the owner of property for improvements thereto, such as for sewers or sidewalks.

"Access" is sometimes used as synonymous with "levy".

See also Assessment.

*Black's Law Dictionary* p. 106 (4th ed. 1979). The parties have directed us to no pertinent portions of the Code or the legislative history to further illuminate the definition of "assess." From the definition quoted, *supra,* we concluded that an assessment *may* entail a levy against the debtor's property but it does *not necessarily* connote the imposition of a levy or charge against the debtor's property. Hence, we hold that the Commonwealth's position is without support.

▮ Prior to the filing of the instant motion both parties referred to the document under examination as an "assessment". On this basis, as well as the definition of the term "assess" quoted above, we hold that the mailing of the instrument in question effected postpetition tax assessment against the debtor and as such the assessments are void.

We will accordingly enter an order voiding all of the postpetition assessments.