James D. Harnett, Wisconsin Dept. of Revenue, Madison, Wis., for defendant.

In re Raymond F. SCHUMACHER, Rosemarie C. Schumacher, Debtors.

Raymond F. SCHUMACHER and Rosemarie C. Schumacher, Plaintiffs,

v.

WISCONSIN DEPARTMENT OF REVENUE, Defendant.

Bankruptcy No. LF7–85–00172.
Adv. No. 85–0344–7.

United States Bankruptcy Court, W.D. Wisconsin.

April 25, 1986.

## OPINION AND ORDER

WILLIAM H. FRAWLEY, Bankruptcy Judge.

The debtors, by Kenneth Doran, filed this petition to have the court determine the dischargeability of certain claims against them by the defendant, the Wisconsin Department of Revenue. The Department of Revenue appears by James Harnett. The debtor, Raymond Schumacher, argues that his tax obligation should be discharged by these bankruptcy proceedings. Rosemarie Schumacher's tax obligations have been satisfied and are not an issue in this matter. The defendant argues that the debtor's tax obligation was assessed within 240 days of the filing of his bankruptcy petition and, therefore, cannot be discharged pursuant to 11 U.S.C. § 523(a)(1)(A) and § 507(a)(7)(A)(ii). Both parties have requested the court to consider this issue as a matter for summary judgment and have submitted briefs in support of their respective positions.

The relevant facts in this case are not in dispute. The debtor filed a timely tax return for the tax year ending December 31, 1980. The debtor subsequently became aware of an error contained in the original return and filed an amended return on June 6, 1984. The amended return admitted a tax liability and did not include payment. The defendant conducted an office audit of the amended return pursuant to Wisconsin Statute § 71.11(16) and found

the amended return to be substantially correct. On September 10, 1984, the defendant mailed to the debtor a statement entitled "Notice of Amount Due." This statement notified the debtor that he owed the defendant the principal amount of $3,413.00 and interest of $1,466.17, which totaled $4,879.17. The statement also notified the debtor that the amount was payable on or before November 12, 1984. On February 4, 1985, the debtors filed under Chapter 7 of the Bankruptcy Code.

The issue presented for determination in this case is whether the audit notice of September 10, 1984, constituted an assessment within the meaning of Bankruptcy Code §§ 523(a)(1)(A) and 507(a)(7)(A)(ii). If the audit notice does constitute an assessment then the assessment would have been made within 240 days of the filing of the bankruptcy petition and the debt would not be dischargeable. 11 U.S.C. § 523(a)(1)(A) and § 507(a)(7)(A)(ii). If said audit notice did not constitute an assessment, and no assessment was made within 240 days of the filing of the bankruptcy petition, then the obligation to the defendant would be a dischargeable debt.

The debtor argues that the date on which he filed his amended return, June 6, 1984, was the date that the tax liability was assessed. The debtor contends that he filed his bankruptcy petition 243 days after the date of his amended return and, therefore, his debt to the defendant should be discharged. The debtor argues that under the laws of Wisconsin, tax returns are presumed to be correct. Wis.Stat. § 71.11(13). And, if the taxing authorities can "assess" a tax return any time they wish to, they would exercise such discretion to thwart the discharge provisions of the Bankruptcy Code. The debtor further argues that when an amended return is correct no further assessment is allowed.

The court disagrees with the debtor. Although neither the Bankruptcy Code nor the Wisconsin Statutes provide a clear definition of the word "assess", the context in which the word is used provides an indication as to how the word should be construed. The Wisconsin Statutes are quite clear that a notice of tax liability shall be mailed to inform such individual taxpayer the balance of the tax due and the date when such balance shall be paid. § 71.-11(15). It is the conclusion of the court that the notice provided for under § 71.-11(15) Wis.Stat. constitutes an assessment pursuant to § 507(a)(7)(A)(ii) and § 523(a)(1)(A) of the Bankruptcy Code.

The issue of whether a tax notice constituted an assessment under the Bankruptcy Code was recently addressed by another bankruptcy court. *In re Fasgo,* 14 BCD 94, 58 B.R. 99 (Bankr.E.D.Pa.1986). In that case a tax notice was sent to a debtor who had filed a petition for relief under the Bankruptcy Code. The court found that the notice was an assessment under 11 U.S.C. § 362(a)(6) and in violation of the § 362 automatic stay. Similarly, it is the conclusion of this court that the initial mailing of a tax notice stating the amount of tax owing and the date on which it is payable is an assessment pursuant to 11 U.S.C. § 507(a)(7)(A)(ii) and § 523(a)(1)(A).

This opinion shall constitute findings of fact and conclusions of law in accordance with Bankruptcy Rule 7052.

### ORDER

NOW, THEREFORE, IT IS ORDERED THAT, the debtor's complaint seeking to discharge the tax obligation owed to the defendant is hereby denied.