In the Matter of Walter V. **COVERDALE, Debtor.**

Walter V. **COVERDALE, Plaintiff,**

v.

Marilyn **COVERDALE, Defendant.**

Bankruptcy No. 85–1687.
Adv. No. 85–246.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Sept. 4, 1986.

---

Daniel J. Herman, Largo, Fla., for plaintiff.

Charles A. Medearis, St. Petersburg, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is the dischargeability vel non of two debts admittedly owed by Walter V. Coverdale (Debtor). One is an obligation to pay monthly $370.00 plus any late charges on a second mortgage on the former marital home to Aetna Finance; the other debt is an unspecified amount payable to Sears Roebuck. The obligations to pay these debts have their genesis in a Final Decree of Dissolution of Marriage which incorporated an agreement titled "Property Settlement and Separation Agreement" between the Debtor who seeks relief in a Chapter 7 case and his former wife, Marilyn M. Coverdale (M.M. Coverdale). The matter initially presented to this Court is a complaint filed by the Debtor against the former wife, M.M. Coverdale. The Debtor, in his complaint, seeks a declaration by this Court that the two obligations mentioned above represent property settlement and are not obligations based on alimony, maintenance or support, thus they are not within the exception to discharge set forth in § 523(a)(5) of the Bankruptcy Code.

The immediate matter under consideration is a Motion for Judgement on the Pleadings filed by the Defendant. It is the contention of the Defendant that it affirmatively appears from the complaint filed by the Debtor, and the answer filed by her, that none of the facts relevant to the resolution of the issues are in dispute, and based on the same, she is entitled to a judgment as a matter of law pursuant to F.R.C.P. 12(b) as adopted by B.R. 7012(b).

The undisputed facts relevant to the controversy, as appear from the pleadings including the exhibits attached to the complaint are as follows:

On July 16, 1984 the Debtor and his former wife entered into an agreement titled "Property Settlement and Separation Agreement." On July 19, 1984 the Circuit Court for Pinellas County entered a Final Judgment of Dissolution nunc pro tunc to July 16, 1984 (sic) (Exh. B). The Final Judgment in addition to dissolving the marriage of the parties provided, inter alia, that the debtor shall pay

"the sum of approximately $370.00 per month to Aetna Finance for the second mortgage on the home ... under the present amortization schedule until such time as the same is paid in full. In the event the husband does not pay the same or is over 10 days late on any payment, then the $370.00 per month shall automatically become payable to the wife in the amount of $370.00 together with any

late charges on the second mortgage payment. This shall be considered lump sum alimony and not subject to modification even upon the remarriage of the wife."

The Agreement further provided that the Debtor will convey his interest in the former marital home to the Defendant, the same real property on which the Debtor agreed to keep up the payment on the second mortgage payable to Aetna Finance. In addition, the Debtor agreed to pay the Sears obligation "and to save harmless" the Defendant of any liability on this obligation. The amount of this obligation is not specified either in the complaint or in the Property Settlement and Separation Agreement (Exh. A).

It is the contention of the Debtor that these two obligations assumed by him would become alimony only if they are not paid promptly, therefore, they have been improperly designated as "alimony" and should, in fact, be classified as part of the property settlement, thus dischargeable.

The Motion under consideration filed by the Defendant contends that these payments are denominated specifically as alimony, therefore represent a non-dischargeable obligation pursuant to § 523(a)(5) of the Bankruptcy Code.

Inasmuch as it appeared at the hearing that the matter cannot be resolved on the Motion, this Court orally denied the Motion and scheduled a final evidentiary hearing at which time the further additional facts were established.

The Defendant is 43 years old and at the time relevant was an independent distributor of Avon products. In addition to income from this activity, she also receives a monthly income of $200 from renting a room. The tenant also pays in addition to the rent · one-half of the monthly utility charge. She is servicing the first mortgage on the property by paying $327 per month. The Defendant has no minor dependents, was married twice, worked in the past as a bookkeeper and her formal education was limited to one and a half years of college. Her regular earnings never exceeded $150 per week. Due to a back injury she is unable to maintain a steady job, although she did not apply for disability benefits under social security.

The Debtor is retired from the Air Force and receives a monthly pension of $800. He also receives additional income of $6.00 per hour or $199 per week from current employment. He currently rents an apartment at $480.00 a month of which his son shares and pays one-half or $240.00 per month.

These are the relevant facts which, according to the Debtor, warrant the conclusion that the two obligations assumed by him by the Property Settlement and Separation Agreement are not excepted by § 523(a)(5), therefore they are dischargeable.

Case law developed under the former Bankruptcy Act of 1898 utilized state law to determine the nature of an obligation as being alimony or support. *In re Albin*, 591 F.2d 94 (9th Cir.1979); *In re Waller*, 494 F.2d 447 (6th Cir.1974). The legislative history of § 523(a)(5) of the Bankruptcy Act of 1978 clearly indicates that Congress intended that federal law rather than state law should govern and be determinative of whether an obligation is in the nature of alimony or support settlement. As a result, bankruptcy courts now look beyond the labels placed upon the obligation by the state courts and consider all relevant facts and circumstances. *Shaver v. Shaver*, 736 F.2d 1314 (9th Cir.1984); *In re Hall*, 40 B.R. 204, Bank.L.Rep. (CCH) 69, 934 (Bankr.M.D.Fla.1984); *In the Matter of Vande Zande*, 22 B.R. 328 (Bankr.W.D. Wis.1982).

Thus it is now well established that what constitutes alimony, maintenance or support is determined by bankruptcy law and not state law. See H.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787, adopting the holding of *Fife v. Fife*, 265 P.2d 642, 1 Utah 2d 281 (1952), overruling *In re Waller*, 494 F.2d 447 (6th Cir. 1974). The fact that the obligation as-

sumed by the Debtor is payable to a third party and not to the spouse is not determinative of the nature of the obligation and may constitute a non-dischargeable obligation under § 523(a)(5) if it is actually a provision for alimony or support. Labels placed on the obligation is equally not determinative and the Court must consider the substance of the obligation. *In re Haast*, 27 B.R. 93 (Bankr.S.D.Fla.1983).

To generally determine the nature of the obligation provided by a divorce decree for the purposes of dischargeability, courts have usually considered the following factors

(1) Whether the obligation under consideration is subject to contingencies such as death or remarriage;

(2) Whether the payment was fashioned in order to balance disparate incomes of the parties;

(3) Whether the obligation is payable in installments or in a lump sum;

(4) Whether there are minor children involved in the marriage requiring supports;

(5) The respective physical health of the spouse, and the level of education and, last

(6) Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*Hoover v. Hoover (In re Hoover)*, 14 B.R. 592 (Bankr.N.D.Ohio 1981); *Vande Zande, supra* at p. 330.

While these factors no doubt as a general proposition are helpful to resolve the question, they are by no means exclusive, and the Court may consider factors other than those noted. Thus the basic nature of the obligations involved also may have relevance and may be important and certainly would be proper to be considered by the Court. For instance, if the obligations in question were incurred during the marriage for the joint benefit of both spouses and relates to obtaining goods or services, the preservation of which is no longer necessary, any obligations imposed on a spouse to meet and pay these would be difficult to find to be obligations for support.

■ On the other hand, if the obligations under consideration relate to the preservation of an asset, which is necessary to preserve the lifestyle of a spouse, particularly to keep a roof over her head, would be clearly an obligation in the nature of support unless there are other factors presented to indicate that the spouse will receive the award of the financial means without difficulty to meet these obligations.

In the present instance the matter under consideration involves two debts. One is a second mortgage payable to Aetna Finance on the residence which was awarded to the Defendant, and the other is a debt owed to Sears Roebuck, no doubt as a result of the purchase of some goods which may or may not be awarded to her, which may or may not be necessary, or which may or may not be retained by her even though the debt is not paid.

■ This being the case, it is evident and this Court is satisfied that the obligations imposed on the husband by the divorce decree to meet the second mortgage payments to Aetna Finance on the residence is in the nature of a support obligation and therefore, is non-dischargeable, but the obligation owed to Sears Roebuck is dischargeable.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Judgment on the Pleadings filed by the Defendant Marilyn Coverdale be, and the same is hereby, granted in part and denied in part and the obligation imposed by the divorce decree on Walter V. Coverdale, the Debtor, to pay the sum of $370.00 with additional charges to Aetna Finance be, and the same is hereby, declared to be non-dischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. It is further

ORDERED, ADJUDGED AND DECREED that the obligation owed to Sears and Roebuck by the Debtor be, and the same is hereby, declared to be dischargeable.