In the Matter of Fred Eugene
CAMPBELL, Debtor.

Dianne CAMPBELL, Plaintiff,

v.

Fred Eugene CAMPBELL, Defendant.

Bankruptcy No. 83-380.
Adv. No. 83-479.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

June 1, 1987.

Matthew H. Patton, Atlanta, Ga., Robert M. Quinn, Tampa, Fla., for plaintiff.

Albert I. Gordon, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THE MATTER under consideration is a Complaint filed by Dianne Campbell (Plaintiff), the ex-wife of Fred Eugene Campbell (Debtor), the Defendant in the above-captioned adversary proceeding. At issue is the dischargeability, *vel non*, of judgments obtained against the Debtor by the Plaintiff in Georgia and Florida courts. The Complaint was inartfully drafted and is essentially a two-count Complaint placed under one count which alleges: (1) certain obligations of the Debtor are nondischargeable pursuant to § 523(a)(1) of the Bankruptcy Code because such obligations represent tax obligations owed by the Debtor which were paid by the Plaintiff pursuant to the divorce decree, and furthermore, Plaintiff should be subrogated to the rights of the Internal Revenue Service (IRS) to have the claim declared nondischargeable; and (2) certain obligations are nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code and the judgments obtained by the Plaintiff represent obligations of the Debtor which arose from a divorce decree under which the Debtor agreed to make certain payments to the Plaintiff. The Court has considered the Complaint, together with the record, heard arguments of counsel, reviewed the evidence, and finds as follows:

The Plaintiff and Debtor were married on September 15, 1968. Their marriage was terminated by a Final Judgment and Decree of the Superior Court of Fulton County, Georgia, on October 3, 1979. The Final Judgment incorporates an "Agreement" executed by the Debtor on October 1, 1979, and by the Plaintiff on October 3, 1979 (Pl's Exh. #1). The Agreement in pertinent part provides as follows:

"The parties hereto were married on or about September 15, 1968. There are two minor children as issue of the marriage: John Frederick Campbell, age 7, and Stephen Barrett Campbell, age 4. In consequence of irreconcilable differences, the parties are now living in a bona fide state of separation. In view of their intention to live apart the rest of their lives, they are desirous of settling issues relating to *the division of their property and the custody and support of their children.*" (Emphasis added)

2.

"Prior to the execution of this Agreement, Wife and Husband have divided their furniture, fixtures, and other household items. Husband acknowledges that he is indebted to Wife in the amount of $3,000 for certain items of furniture purchased and retained by him but paid for by Wife. Husband agrees to repay said $3,000 to Wife on or before February 1, 1980, with interest from July 1, 1979, at the rate of 8 percent per annum on the unpaid balance."

6.

"Husband agrees that he will fully indemnify Wife against and hold her completely harmless from: (a) any and all assessments or proposed assessments by the Internal Revenue Service or by any state or locality of any unpaid income taxes, gift taxes or excise taxes, and interest and penalties thereon, for any year through and including 1978; (b) any assessment or proposed assessment by the State of Georgia of unpaid sales taxes, excise taxes, or unemployment taxes, and interest and penalties thereon, arising from the operation of any corporation, or partnership, or other business venture owned or controlled by Husband; and (c) or any assessment or proposed assessment by Internal Revenue Service of a penalty, and interest thereon, for failure to collect, account for, or pay over any employee federal income taxes or

employee Federal Insurance Contributions Act taxes arising from the operation of any corporation, partnership, or other business venture owned or controlled by Husband."

The Georgia court awarded custody of the two minor children to the Plaintiff and fixed the support for the children as set forth in the Agreement at $300.00 per month per child.

In October 1980 the Plaintiff filed a federal tax return for the year 1978. The tax return reflected income as follows:

(1) $9,150.00 wages from Rand-Camp Homes Corporation from which $1,268.58 in income tax and $553.58 in FICA tax were withheld.

(2) $37,781.00 business income from Dunwoody Interiors (Pl.'s Exh. # 9).

The taxes due were $18,714.00 plus interest of $2,581.00 plus a penalty of $587.00 for a total of $21,882.00 which the Plaintiff paid upon filing the return. In October 1980 the Plaintiff also filed a Georgia state tax return for the year 1978. The state return reflected the same income as the federal tax return. The taxes due were $2,343.00 plus interest of $350.00 for a total of $2,693.00 which the Plaintiff paid upon filing the return.

Plaintiff alleges that these taxes arose from the Debtor's income and not from her income. This Court finds that the taxes paid by the Plaintiff for the year 1978 were based on the Plaintiff's income and not from the income of the Debtor. Moreover, at the close of the final evidentiary hearing, Plaintiff formally abandoned that position on the record.

In May 1981 Plaintiff brought a contempt action against the Debtor in Superior Court in Fulton County, Georgia, for failure to furnish her with copies of his income tax returns. There is a provision in the Agreement for increasing the child support provisions based on the Debtor's increased personal income. It should be noted that child support payments are not at issue in this proceeding. On June 9, 1981, the contempt action was settled when the Debtor executed and delivered to Plaintiff a promissory note in the amount of $32,631.55

(Pl.'s Exh. # 2). Both parties executed an "Attachment to Promissory Note" which provided, *inter alia:*

1. The foregoing note is a recapitulation of debts described in paragraphs 2 and 6 of a Final Settlement Agreement entered into by the parties on October 3, 1979, and is merged into the Final Judgment of Case Number C 56652 of the Superior Court of Fulton County, State of Georgia.

The Debtor defaulted on the payment of the promissory note. As a result, on July 9, 1981, Plaintiff filed a Complaint against the Debtor in the State Court of Fulton County, Georgia, seeking a judgment of $32,631.55 plus attorney fees based on the promissory note executed by the Debtor (Pl.'s Exh. # 3). On September 14, 1981, a Default Judgment was entered against the Debtor for $32,631.55 principal, $5,221.04 interest and $3,810.25 attorney fees for a total of $41,662.84 (Pl.'s Exh. # 4). Subsequently on May 24, 1982, Plaintiff obtained a judgment against the Debtor in Circuit Court for the Sixth Judicial Circuit in and for Pinellas County, Florida, in the amount of $45,203.89 based upon the Georgia judgment (Pl.'s Exh. # 5). The Debtor filed his Chapter 7 bankruptcy petition in this Court on February 25, 1983. On May 12, 1983, the Plaintiff filed the adversary proceeding presently under consideration.

■■■ The primary purpose of bankruptcy law is to relieve the debtor's burden of indebtedness and to provide him with a fresh start. *Perez v. Campbell,* 402 U.S. 637, 648, 91 S.Ct. 1704, 1710, 29 L.Ed.2d 233 (1971). The courts, as a result, narrowly construe exceptions to discharge against the creditor and in favor of the debtor. *Lines v. Frederick,* 400 U.S. 18, 20, 91 S.Ct. 113, 114, 27 L.Ed.2d 124 (1970); *Gleason v. Thaw,* 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717 (1915). Therefore, the creditor, Plaintiff in this case, bears the burden of demonstrating that the debt owed to her falls within one of the statutory exceptions. *In re Cross,* 666 F.2d 873 (5th Cir.1982); *In re Hunter,* 780 F.2d 1577 (11th Cir.1986).

It should be noted that Plaintiff formally abandoned on the record her contention of subrogation to the rights of the IRS to have the claim declared nondischargeable pursuant to § 523(a)(1) of the Bankruptcy Code. Moreover, as a matter of law, there is no subrogation of a tax claim of the IRS. *See In re Dubose*, 22 B.R. 780, 7 C.B.C.2d 169 (Bankr.N.D.Ohio 1982). For this reason, the claim of the Plaintiff that she is entitled to step in the position of the IRS which declares tax liabilities are non-dischargeable under § 523(a)(1) of the Bankruptcy Code is without merit and shall be dismissed. This leaves for consideration the claim of the Debtor based on § 523(a)(5) of the Bankruptcy Code.

Section 523(a)(5) of the Bankruptcy Code provides in pertinent part:

(a) A discharge under Section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record, determination made in accordance with state or territorial law by a government unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

There is no question that obligations based on a spouse's duty to pay alimony, maintenance, or support either to a spouse or to children are nondischargeable obligations. It is equally clear, however, that provisions in a divorce decree which cannot be fairly construed to fall within this exception to discharge are dischargeable including provisions dealing with property settlements in connection with dissolution of marriage proceedings.

The question of what constitutes alimony or support is to be determined according to federal law. *H.R.Rep. No. 595, 95th Cong., 1st Sess. 2 (1977)*; *S.Rep. No. 989, 95th Cong., 2d Sess. 77-79 (1978)*, U.S.Code Cong. & Admin.News 1978, p. 5787; *see In re Arosemena*, 63 B.R. 55 (Bankr.M.D.Fla.1986); *In re Pody*, 42 B.R. 570 (Bankr.N.D.Ala.1984); *In re Story*, 36 B.R. 546 (Bankr.M.D.Fla.1983). It is not determinative that an award is entitled "property settlement" because the Court will look to the substance of the "Agreement" and will disregard labels. This Court must ascertain the parties as well as the divorce court's intent in determining whether an obligation created in a divorce decree is dischargeable in bankruptcy. *In re Yeates*, 807 F.2d 874, 878 (10th Cir.1986); *In re Woods*, 561 F.2d 27, 29 (7th Cir.1977); *In re Usher*, 442 F.Supp. 866 (N.D.Ga. 1977).

Plaintiff takes the position that by virtue of Paragraph 6 of the Agreement (Pl.'s Exh. 1) the Debtor was obligated to reimburse Plaintiff for tax liabilities of the Plaintiff for the year 1978, notwithstanding that the taxes were based on her admitted individual income. Paragraph 6 of the Agreement is quite clear: the Debtor agreed to indemnify and hold harmless the Plaintiff from "any and all assessments or proposed assessments by the Internal Revenue Service or by any state ... of any unpaid income taxes." The term "assessment" is unambiguous and a notice of tax liability constitutes an assessment. *In re Schumacher*, 61 B.R. 396 (Bankr.W.D.Wis. 1986). The mailing of a "notice of tax deficiency" constitutes an assessment. *In re Fasgo, Inc.*, 58 B.R. 99, 14 B.C.D. 94 (Bankr.E.D.Pa.1986). Plaintiff testified that she never received any notice of unpaid taxes from the IRS or from the state of Georgia. As a result, the Debtor's liabilities under Paragraph 6 of the Agreement were never triggered.

In any given case, whether the obligations imposed upon the Debtor sought to be discharged constitute obligations which are, in fact, "in the nature of alimony, maintenance or support," is a question of fact to be determined by the Court. *In re Williams*, 703 F.2d 1055 (8th Cir.1983).

Courts have generally considered the following factors when determining the nature of the obligation provided by a divorce decree for the purposes of considering dischargeability, *vel non:*

(1) Whether the obligation under consideration is subject to contingencies such as death or remarriage;

(2) Whether the payment was fashioned in order to balance disparate incomes of the parties;

(3) Whether the obligation is payable in installments or in a lump sum;

(4) Whether there are minor children involved in the marriage requiring support;

(5) The respective physical health of the spouse, and the level of education; and last,

(6) Whether in fact there was need for support at the time of the circumstances of the particular case.

*In re Vande Zande,* 22 B.R. 328 (Bankr.W.D.Wis.1982); *In re Hoover,* 14 B.R. 592 (Bankr.N.D.Ohio 1981).

If the Plaintiff's claim was in the nature of alimony, then it would have terminated on her remarriage. Plaintiff was married for a second time in late 1980 for approximately eight months and married her present husband in November 1983. In Georgia, remarriage terminates the obligation for alimony or support. *In re Ingram,* 5 B.R. 232 (Bankr.N.D.Ga.1980). In this case there is no provision for the termination of the Agreement on the death or remarriage of the Plaintiff. "Payment of a continuing obligation after the wife's need for support terminates strongly supports an intent to divide property and strongly refutes an argument that this is alimony." *Adler v. Nicholas,* 381 F.2d 168, 171 (5th Cir.1967).

It is apparent from the Agreement and Plaintiff's testimony that the incomes of the parties was never an issue in the divorce proceeding. The Agreement does not appear to balance the income of the parties. *In re Basile,* 44 B.R. 221 (Bankr. M.D.Fla.1984). Paragraph 6 of the Agreement indicates that the obligation of the Debtor is payable in a lump sum, and not in installments. Moreover, the Agreement specifically provides for support of two mi-

nor children by other provisions. There is no evidence in this case that the obligations imposed in the Debtor under the "hold harmless" provision of the Agreement represents property or services necessary for the maintenance and support of the Plaintiff or the two minor children. *See In re Coverdale,* 65 B.R. 126 (Bankr.M.D.Fla. 1986); *In re Hobbs,* 30 B.R. 586 (Bankr. Nev.1983). Finally, part of the Plaintiff's judgment against the Debtor is based upon obligations set out in Paragraph 2 of the Agreement and this is clearly a property settlement.

Based on the foregoing, this Court is satisfied that the obligations of the Debtor under the provisions of Paragraph 2 and 6 of the Agreement are *not* in the nature of alimony, maintenance or support. Therefore, Plaintiff's judgment based upon these provisions are found to be dischargeable.

A separate Final Judgment will be entered in accordance with the foregoing.