### In re Frederick CARTER, Debtor.

### Bankruptcy No. 85–04013G.

United States Bankruptcy Court,
E.D. Pennsylvania.

June 11, 1987.

Juanita E. Holden, Philadelphia, Pa., for debtor, Frederick Carter.

Valentina G. Feudale, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Edward S.G. Dennis, U.S. Atty., Virginia R. Powel, Asst. U.S. Atty., U.S. Atty's. Office, Philadelphia, Pa., for I.R.S.

Edward Sparkman, Philadelphia, Pa., Trustee.

## MEMORANDUM OPINION

BRUCE FOX, Bankruptcy Judge:

The debtor in this chapter 13 bankruptcy case has lodged an objection to the proof of claim filed by the Internal Revenue Service (IRS). The IRS has filed a proof of claim in the amount of $10,613.22 seeking to have a portion of its claim allowed as a priority under 11 U.S.C. § 507(a)(7) and the remainder classified as a general unsecured claim. The debtor's objection is premised upon his contention that the IRS violated the provisions of the automatic stay, 11 U.S.C. § 362(a)(6), in connection with two previous bankruptcies which the debtor had filed. The IRS counters that these two earlier bankruptcy cases were dismissed and dismissal abrogates the provisions of section 362(a). In addition, the IRS argues that even if its action were in violation of the stay, such actions do not alter the debtor's liability for unpaid taxes; thus, its proof of claim is not affected by its prior conduct. The issues, as framed by the parties, would require consideration of the provisions of sections 349 and 362 as well as the interplay between them. However, for reasons set forth below, I need not reach these issues and will sustain the debtor's objection in small part only.

### I.

At the hearing held in this matter, the parties opted to present no testimony; rather, they submitted a brief factual stipulation which, they believed, would enable me, once I determined the appropriate legal principles, to establish the classification and amount of the prepetition debt owed to the IRS. The parties agreed that the debtor first filed a voluntary bankruptcy petition, under chapter 13, on January 2, 1981 and that the bankruptcy was later dismissed on June 5, 1985. Prior to the dismissal, the debtor filed another bankruptcy petition, also under chapter 13, on May 31, 1985. That case was dismissed on September 17, 1985.[1] The current bankruptcy pe-

---

1. The parties expressly agreed that the first dismissal was without prejudice. I assume the

tition, again under chapter 13, was filed on September 24, 1985 and is still pending.

In its proof of claim, IRS asserts that the debtor is liable for unpaid income taxes, along with interest and penalties, for the years 1975, 1979–1983. The total amount claimed, $10,613.22, is apportioned into priority and general unsecured categories. For each tax year listed, the IRS has stated both the tax and prepetition interest due. However, penalties are simply classified as pertaining either to the priority claim or the general unsecured claim without reference to a particular year. As to the computations themselves, the debtor has stipulated that all the computations for unpaid taxes, interest, and penalties are accurate. In turn, the IRS has stipulated that its claim must be reduced by three credits: one credit in the amount of $5.95 to be applied to the tax due for 1981;[2] another credit in the amount of $287.24; and a final credit for $1,205.43. How the last two credits are to be applied, either to a particular year, or to the priority as opposed to the general unsecured claim is not disclosed. No other evidence is afforded by way of stipulation.[3]

## II.

The debtor argues that the IRS violated section 362(a)(6) by assessing tax liability during the pendency of prior bankruptcy proceedings. From that he reasons that he has no liability to IRS for unpaid taxes or interest for those years for which liability was improperly assessed.[4] Conversely, IRS argues that an assessment does not affect a taxpayer's underlying liability; thus, even if its assessments were invalid, such invalidity would not affect its proof of

claim. From my review of the debtor's objection, stipulation and memorandum, it does appear that the debtor is not challenging the government's right to accrue interest and penalties during the pendency of the earlier bankruptcy petitions and is only challenging IRS's claim solely because the debtor believes that the tax assessments are invalid.[5]

■ I agree with the IRS that a tax assessment, pursuant to 26 U.S.C. §§ 6201 *et seq.*, is an administrative device, used by the IRS in its collection activities, which serves the function of a court judgment. *See Rambo v. United States*, 492 F.2d 1060, 1061 n. 1 (6th Cir.1974), *cert. denied*, 423 U.S. 1091, 96 S.Ct. 886, 47 L.Ed.2d 103 (1976); *Cohen v. Gross*, 316 F.2d 521 (3d Cir.1963). Just as setting aside a judgment does not, of necessity, invalidate the underlying claim, setting aside a tax assessment does not determine a taxpayer's liability for unpaid taxes, for the assessment does not create the liability. *See Bull v. United States*, 295 U.S. 247, 259, 55 S.Ct. 695, 699, 79 L.Ed. 1421 (1935); *United States v. Latham*, 754 F.2d 747, 750 (7th Cir.1985); *Jenkins v. Smith*, 99 F.2d 827 (2d Cir. 1938).

Such a conclusion does not mean, as the IRS argues, that the debtor's objection is necessarily irrelevant to the administration of this case. In its proof of claim, the IRS seeks allowance of both priority and general unsecured claims. A determination as to priority status is highly significant in a chapter 13 case. All priority claims must be paid in full over the life of the plan, 11 U.S.C. § 1322(a)(2); otherwise, the debtor's plan may not be confirmed. 11 U.S.C.

second dismissal was also without prejudice. *See* 11 U.S.C. § 349(a). In addition, I do not pass upon the propriety of a debtor's maintenance of two separate bankruptcy cases simultaneously. *See In re Brickley*, 70 B.R. 113, 114 n. 1 & authorities cited therein (Bankr. 9th Cir. 1986).

**2.** The parties' stipulation may be in error, for it seems they probably meant this credit to be applied to 1982.

**3.** To the extent the parties have amplified the legal memoranda with factual assertions such

assertions are not evidence and cannot be considered. *See In re Snyder*, 74 B.R. 872, 876 n. 6, (Bankr.E.D.Pa. 1987).

**4.** The debtor makes no reference to his liability for unpaid penalties.

**5.** Therefore, I need not decide whether a taxing authority has the right to seek interest and penalties, which accrue during the pendency of a dismissed bankruptcy case, when it files a proof of claim in a subsequent case.

**616**

§ 1325(a)(1). Thus, while the validity of the IRS assessments may not affect the amount of its general unsecured claim, it may affect the extent to which IRS possesses a priority claim which, in turn, would affect: (1) whether the debtor's plan can be confirmed and (2) the amount the IRS, as a priority creditor, and all general unsecured creditors will receive under the plan. *See* 11 U.S.C. § 1325(a); Bankr.Rule 3021. Thus, the debtor's objection is relevant to the administration of this bankruptcy case, but the objection, given its nature, must be limited to its affect on the priority component of the claim.

As the proof of claim notes, priority status for this claim is only sought pursuant to 11 U.S.C. § 507(a)(7).[6] In general, this provision accords priority status to unpaid income taxes only if payment of the tax fell due within three years of the bankruptcy filing, or the tax was assessed within 240 days of filing, or the tax was still assessable on the date the petition was filed. *In re Easton,* 59 B.R. 714 (Bankr.C.D.Ill. 1986). The IRS proof seeks priority status for tax liability connected with four years, conceding that tax liability for 1975 and 1980 are general unsecured claims. It is also apparent that the taxes due for the years 1982 and 1983 fall within the three year limitation period established by section 507(a)(7)(A)(i), while the taxes for the years 1979 and 1981 do not. The two years that fall outside the limitation period were assessed within the 240 day period established by section 507(a)(7)(A)(ii). Thus, if the assessments for these two years, 1979 and 1981, are invalidated because they were accomplished in violation of the automatic stay, the priority claim of the IRS would be diminished, *unless* the taxes were still assessable under federal nonbankruptcy law at the time the petition was filed.[7]

**6.** The IRS does not allege priority status pursuant to 11 U.S.C. § 507(a)(1).

**7.** As to the tax liability for those two years which fall within § 507(a)(7)(A)(i), that liability remains a priority even if the assessments were invalidated.

### III.

The parties raise, albeit in a most cursory fashion, the interesting issue whether dismissal of a bankruptcy case by itself annuls the automatic stay. If it does not, many courts have held that actions taken in violation of the stay are void. *See, e.g., Kalb v. Feuersten,* 308 U.S. 433, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *Borg-Warner Acceptance Corp. v. Hall,* 685 F.2d 1306 (11th Cir.1982); *In re Clark,* 69 B.R. 885, 890 (Bankr.E.D.Pa.1987); *In re Grosse,* 68 B.R. 847 (Bankr.E.D.Pa.1987). This result would apply in the case of an improper tax assessment. *In re Fasgo, Inc.,* 58 B.R. 99 (Bankr.E.D.Pa.1986), *rev'd on other grounds,* C.A. No. 86–1995, slip op. (E.D. Pa.1986) (distinguishing notice of deficiency from assessment) (available on WESTLAW).

In support of IRS's position regarding the effect of dismissal as an annullment of the stay is the holding of *In re Linton,* 35 B.R. 695 (Bankr.D.Idaho 1983). The debtor's position is supported by the result in *In re Eden Associates,* 13 B.R. 578, 585 (Bankr.S.D.N.Y.1983). *See also In re De Jesus Saez,* 721 F.2d 848, 852 (1st Cir.1983) ("And it may also be although we need not now decide the issue, that the court had jurisdiction to entertain a civil contempt proceeding grounded on a purported violation of the automatic stay even after the chapter 13 petition was dismissed and even though DeJesus's motion to reconsider was unavailing because unserved...."). However, I need not reach this issue for two reasons: first, the tax liability for 1979 was still assessable as of September 24, 1985, the date the current bankruptcy case commenced; second, the assessment for the 1981 taxes was improper under federal nonbankruptcy law.

■ Pursuant to 26 U.S.C. § 6501(a), tax liability must be assessed within "three years after the return was filed...."[8] *Ac-*

**8.** For purposes of the analysis, I am assuming that the debtor filed tax returns around the time due, April 15 of the subsequent year. *See* 26 U.S.C. § 6501(c)(3). I am also assuming that there was no fraud or understatement of tax liability by more than 25 per cent. *See* 26 U.S.C. § 6501(c)(1), (e)(1).

*cord, In re Massoni,* 20 B.R. 416 (Bankr.D. Kan.1984). Thus, for the year 1979, IRS had until April 1983 to assess this tax. However, the debtor filed a bankruptcy petition in January 1981 and was continuously under bankruptcy court protection until September 14, 1985, when, at the end of a ten day period, he filed another bankruptcy petition. Pursuant to 11 U.S.C. § 362(a)(6), IRS was stayed from assessing a claim that arose prepetition while the debtor's bankruptcy cases were pending. *In re Fasgo, Inc.; In re Coleman American Companies, Inc.,* 26 B.R. 825 (Bankr. D.Kan.1983); Kennedy, *Automatic Stays Under The New Bankruptcy Law,* 12 U.Mich.J.L.Reform 3, 21 n. 90 (1978). *See also In re Easton.*

Pursuant to 11 U.S.C. § 108(c), the limitations period for assessments was extended until 30 days from the termination of the automatic stay. *See In re Brickley,* 70 B.R. 113 (9th Cir.Bankr.1986); 124 Cong. Rec.H 11109 (daily ed. Sept. 28, 1978) (remarks of Rep. Edwards). *See also* H.R. Rep. No. 95–595, 95th Cong., 1st Sess. 318 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787. In addition, to the extent not superseded by section 108(c), 26 U.S.C. 6503(a) would give IRS sixty days from the termination of the stay to file any assessment for the year 1979. The stay imposed by section 362(a)(6) against assessment of prepetition taxes was terminated upon dismissal of the debtor's bankruptcy case. 11 U.S.C. § 362(c)(2)(B); *accord, In re De Jesus Saez.* Thus, at a minimum, IRS had thirty days from September 14, 1985 to assess tax liability for 1979. *See In re Brinkley.* As the debtor filed his bankruptcy petition on September 24, 1985, that prepetition tax was still assessable on that date. Therefore, the debtor's liability for that tax year is still a priority claim by virtue of 11 U.S.C. § 507(a)(7)(A)(iii).

▉▉▉ The debtor's liability for his 1981 taxes arose after the filing of his bankrupt-

cy petition on January 2, 1981.[9] Therefore, IRS was not enjoined by the Bankruptcy Code from assessing tax liability for this particular year.[10] The statutory limitations period for the year 1981 expired in April 1985. The debtor filed his second bankruptcy petition in May 1985. Thus, the filing of the second petition was subsequent to the expiration of the limitations period for assessing taxes. As a result, section 108(c) (and 26 U.S.C. § 6503) do not apply to extend the time period. Therefore, the assessment filed on July 22, 1985 for taxes due on 1981 was invalid under applicable nonbankruptcy law and that claim is not a priority within the meaning of § 507(a)(7)(A).

### IV.

Not only do I decide this matter upon legal principles not argued by the parties, I also cannot determine the exact amount of the priority and general unsecured claims of the IRS based upon the facts before me. While I have determined that the liability for 1979, 1982 and 1983 are priority claims and the remaining tax years are general unsecured claims, I cannot total these amounts because I do not know how to apportion either the credits due to the debtor or the penalties alleged against the debtor as between the priority and the general unsecured claims. Therefore, I will set this matter down for another hearing and will resolve the apportionment question unless the parties settle this matter themselves.

An appropriate order will be entered.

### ORDER

AND NOW, this 11th day of June, 1987, upon consideration of the proof of claim filed by the Internal Revenue Service, the debtor's objection thereto and after notice and hearing, it is ORDERED and DECLARED as follows:

---

**9.** Since the petition was filed on January 2, I need not discuss whether the liability should be treated on a per diem basis. *Cf. In re Rash,* 22 B.R. 323 (Bankr.D.Kan.1982) (involving treatment of income tax refunds under 11 U.S.C. § 541).

**10.** Had IRS assessed liability, it would have been stayed from proceeding against property of the estate. 11 U.S.C. § 362(a)(3).

1. The debtor's objection is sustained in part and denied in part.

2. The debtor's income tax liability for the tax years 1979, 1982 and 1983 are priority claims under 11 U.S.C. § 507(a)(7).

3. The debtor's income tax liability for the tax years 1975, 1980 and 1981 are general unsecured claims.

4. A hearing will be held on July 6, 1987, at 10 A.M., in Bankruptcy Courtroom No. 1 at which time the parties may introduce evidence which will enable the court to apportion the credits due to the debtor and penalties alleged against the debtor as between the priority and the general unsecured claims.