In re Richard L. MONTGOMERY, Debtor.

Richard L. MONTGOMERY, Plaintiff,

v.

Marsha MONTGOMERY, Defendant.

Bankruptcy No. 93–02405–8P7.
Adv. No. 93–554.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 2, 1994.

Daniel A. Medeiros, Sarasota, FL, for plaintiff.

Darol H.M. Carr, Port Charlotte, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is the dischargeability of

obligations due and owing by Richard L. Montgomery (Debtor) to his former wife, Marsha Montgomery (Defendant). The Debtor seeks a determination that the two specific obligations imposed on the Debtor by the Divorce Decree are in the form of a property settlement thus not excepted from discharge by § 523(a)(5) of the Bankruptcy Code.

On March 4, 1993, the Debtor filed a voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. The Debtor received his discharge on June 22, 1993 and a final decree closing the case was entered on July 20, 1993. On August 27, 1993, this Court reopened the case pursuant to § 350(b) of the Bankruptcy Code, and F.R.B.P. 5010, for the purpose of determining the dischargeability of the debt owed to the Defendant. On September 9, 1993, the Plaintiff filed his Amended Complaint which is the matter currently before the Court.

The facts relevant to the resolution of the issues as established at the final evidentiary hearing are as follows:

The Debtor and the Defendant were husband and wife for approximately 20 years. The marriage was dissolved by a Final Judgment of Dissolution of Marriage entered by the Circuit Court for Charlotte County, Florida in December, 1988. For the eight years prior to the divorce, the Defendant had been employed with Star Construction Company, the Debtor's business, as a Project Manager. When the couple separated, she began work with the Charlotte County Building Department as a Clerk/Typist. She was in good health and had a partial college education. According to the financial affidavits filed by each party during the divorce proceedings (Exhibits Nos. 2 and 3), she had a total monthly net income of $633.78 at the time of the divorce. Debtor, meanwhile, was employed as an Officer of Star Construction Company with a total net income per month of $4,170.49. His future income was uncertain, however, as he had just started a new business venture. The couple had accumulated substantial marital assets, with a total net worth of roughly $688,000.

Pursuant to the Final Judgment and the Excerpt of Proceedings, which was attached to and made a part of the Final Judgment, the Debtor was to pay the following to the Defendant, who was designated as the primary residential parent of the couples' two minor children:

1. $500.00 per month, per child, for the support and maintenance of the minor children, until each child reaches majority, marries, dies or sooner becomes self-supporting;

2. $100,000 lump sum alimony in exchange for the Defendant's interest in the marital home, to be secured by a lien on the house in favor of the Defendant;

3. $1,000 per month as alimony for a term of ten (10) years. Payment amount is non-modifiable, non-extendable, and subject to termination only in the event of Defendant's death, not her remarriage. Further, the payments would, as payments for alimony, be deductible by the Debtor and taxable to the Defendant for IRS tax purposes;

4. The regular mortgage payments ($774.59 per month) on the Defendant's residence until satisfied in full. In the event the home is sold, the Debtor would still have to pay the monthly mortgage amount to the Defendant over the period and term of the mortgage. The Debtor has the right to prepay the principal balance.

Additionally, the distribution of marital property provided for a 50/50 split of Star Construction Company ($150,000 each), and the conveyance of a warehouse lot (equity value of $12,600) and a 1986 Toyota ($12,000) to the wife. The husband was to keep all other assets, including their corresponding liabilities.

Obligations number 1 and 2 have been paid in full and it is only the obligations numbered 3 and 4 which are at issue in this proceeding. The Debtor contends that these obligations are not in the nature of alimony, maintenance or support of a spouse or a child, but are instead terms of a property settlement and, therefore, are not within the exception to discharge set forth in § 523(a)(5) of the Bankruptcy Code, which provides as follows:

§ 523. Exceptions to discharge.

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt. .

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree or other order of a court of record determination made in accordance with State or territorial law by a governmental unit, or property settlement agreement, but not to the extent that . . .

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

■ It is well established in this Circuit that the Bankruptcy Court must give due deference to the State Court's characterization of the obligations incurred in connection with a dissolution of marriage. *Carver v. Carver,* 954 F.2d 1573, 1579 (11th Cir.1992). It is equally clear, however, that the label placed on a particular obligation is not controlling, and the court must make an independent determination, based on Federal Bankruptcy law, whether or not the particular obligation is in fact in the nature of alimony, support or maintenance. *In re Harrell,* 754 F.2d 902, 906 (11th Cir.1985). Essentially, the court must look beyond the language of the decree and attempt to determine the intent of the parties and the substance of the obligation. *In re Hall,* 119 B.R. 272, 276 (Bankr.M.D.Fla.1990). Factors to be considered in this determination include: 1) whether the obligation has a characteristic of support in that it is designed to rehabilitate or to assist the spouse's rehabilitation after the divorce; 2) whether the obligation is subject to contingencies such as remarriage or death; 3) whether payment appears to balance disparate incomes; 4) whether the obligation is payable in installments or lump sums; 5) whether there are minor children; 6) whether there was, in fact, a need for support at the time it was awarded; 7) the structure of the terms of the final decree; 8) whether the award is modifiable; 9) the manner of the enforcement of the award; and 10) whether there was a division of property and

debts. *In re Pattie,* 112 B.R. 437, 439 (Bankr.M.D.Fla.1990). The Defendant bears the burden of establishing by competent proof that the Debtor's obligation is actually alimony, maintenance or support. *In re Hall,* supra, at 275.

■ There can be no doubt that the earning ability and potential of the Defendant was lower than the Debtor's at the time of the divorce and she had, at the time of the award, an actual need for some support. In *In the Matter of Coverdale,* 65 B.R. 126 (Bankr.M.D.Fla.1986), this Court stated: "If the obligations under consideration relate to the preservation of an asset, which is necessary to preserve the lifestyle of a spouse, particularly to keep a roof over her head, it would be clearly an obligation in the nature of support unless there are other factors presented to indicate that the spouse will receive the award of the financial means without difficulty to meet these obligations." *Id.* at 129.

The record is clear that in the present instance the Defendant could not have afforded to make the mortgage payment on her house with the salary she earned. Furthermore, the house payments would continue in the event the Defendant moved to another home, indicating an intent to provide maintenance and support via a home for the Defendant and their children. This court is satisfied that the monthly mortgage obligation is actually in the nature of alimony, support or maintenance and is therefore nondischargeable pursuant to 523(a)(5).

■ However, the $1,000 per month obligation imposed by the divorce decree does not carry the traditional hallmarks of an obligation to play alimony. While the agreement provided that the Debtor was entitled to deduct the payments as alimony on his income tax returns, there is nothing in the record to indicate whether this has actually occurred for the past 5 years. Moreover, monthly payments of $1,000 are not modifiable in the event of changes in economic or other circumstances, and do not terminate in the event of Defendant's remarriage. Both of these terms are inconsistent with payments intended for support. The Defendant did not prove there was an actual need for

support either. She was in good health, had a job, and the settlement provided her with a $100,000 lump sum payment, car, a home, and $1,000 a month for the children. What is obvious, however, is that the Debtor was granted the substantial portion of the marital property, most of which was not readily liquid. This court is satisfied that the monthly payments were intended to balance this disparity and were not in fact in the nature of alimony, support or maintenance and are therefore dischargeable pursuant to 523(a)(5). A separate final judgment shall be entered in accordance with the foregoing.