724 So.2d 153 (1998)
Michael DOERFLEIN, Appellant/Cross-Appellee,
v.
Anne DOERFLEIN, Appellee/Cross-Appellant.
No. 96-2940.
District Court of Appeal of Florida, Fifth District.
December 11, 1998.
*154 Jason M. Gordon, Cocoa Beach, for Appellant/Cross-Appellee.
Walter T. Rose, Jr., of Rose & Weller, P.A., Cocoa Beach, for Appellee/Cross-Appellant.
THOMPSON, Judge.
Michael Doerflein ("former husband") appeals and Ann Doerflein ("former wife") cross appeals a final order of modification rendered 11 April 1996. We affirm in part and reverse in part.
The order on appeal modified a 1989 amended final judgment of dissolution, which incorporated the parties' settlement agreement ("Agreement"). The Agreement listed assets to be distributed to each party, resolved the issues of alimony, child custody, and child support, and apportioned the debt between the parties. The Agreement required that the former husband pay $2,500 monthly child support. The former husband, a physician who previously earned $500,000 a year, filed a supplemental complaint for modification seeking a reduction in child support because of severe business reversals, and a 68 percent involuntary and permanent reduction in his income. The former husband had filed for voluntary bankruptcy but was still obligated to pay an IRS debt of at least $45,000. In the bankruptcy proceedings, the former husband listed the former wife as an unsecured creditor under the Agreement.
The former wife counterclaimed for damages because of the financial obligations that she would incur as a result of the bankruptcy. She alleged that the Agreement provisions wherein the former husband agreed to assume certain debts and hold her harmless from claims were in the nature of support and maintenance, and were therefore nondischargeable in bankruptcy pursuant to 11 U.S.C. § 523(a)(5).[1] Further, after the former husband's discharge in bankruptcy, First Union sued the former wife for repayment of $70,000 from a prime equity loan. She alleged the loan related to the former husband's business known as Anchorage Marina. The former wife also alleged that when the parties' Satellite Beach residence was sold, the IRS had a lien against the property in the amount of $116,581.54, and all proceeds from the sale, $78,703.61, were withheld. Because the former husband had assumed responsibility for the IRS debt, the former wife sought repayment of $39,351.80, her half of the sale proceeds. In addition, the former wife sought an award of attorney's fees and costs pursuant to section 61.16, Florida Statutes, for defending the modification petition and prosecuting her counterclaim.
In its final order of modification the court reduced the former husband's monthly child support obligation to $1,229. The court found the $70,000 First Union debt was incurred by the husband's corporation and assumed by the former husband pursuant to the Agreement. Further, the order states "Said debt is in the nature of alimony or support and accordingly was not discharged by the Husband's Discharge in Bankruptcy...." Accordingly, the court awarded the former wife $40,000 less $22,962 the former husband overpaid for child support prior to *155 modification. The court denied the former wife's claim for half the proceeds of the sale of the parties' Satellite Beach property. The court determined that the former wife waived her right to claim any of the proceeds when she signed the closing statement. The court also ruled that by a subsequent agreement the parties had effected a novation which modified their obligations regarding the IRS debt. In addition, the former wife's request for attorney's fees was denied. We find two errors in the judgment: the trial court erred in ruling that the hold harmless provision was in the nature of alimony or support, and in denying the former wife's request for attorney's fees.

PROPERTY SETTLEMENT OR SUPPORT
The former husband claims that his assumption of the debt was not intended to be alimony or support and, citing In re Fitzsimmons, 110 B.R. 912 (Bankr.E.D.Mo.1990), he asserts that it was the intent of the parties at the time the agreement was entered that is decisive. He notes the former wife received $100,000 as lump sum alimony and $2,500 monthly child support. He argues this militates against the former wife's contention. Further, he argues this was part of a property settlement and not meant to be support. Relying on In Matter of Campbell, 74 B.R. 805 (Bnkr.M.D.Fla.1987), the former wife argues that there were sufficient factors in the record to support the trial court's ruling.
The former wife presented no evidence that at the time the Agreement was executed the parties considered the debt assumption and hold harmless agreement to be support. Indeed, Mark Peters, the attorney who represented the former wife during the negotiation and preparation of the Agreement, gave no testimony in that regard. Rather, the reaffirmation provision of the addendum indicates that the parties did not consider these obligations to be nondischargeable support obligations. The parties, who were both represented by counsel, agreed that the former husband would reaffirm any of the debts he assumed "if he shall file voluntary bankruptcy or be subject to involuntary bankruptcy and there are claims against the Wife for the debts set forth in paragraph 17...." Furthermore, the parties were married for only 5½ years, and the former wife was trained and employed as a registered nurse.[2]
In In re Montgomery, 169 B.R. 442 (Bankr.M.D.Fla.1994), the court enumerated ten factors to consider in determining whether an obligation is in the nature of alimony, maintenance or support. Applying the Montgomery factors, it is evident that the debt assumption and hold harmless obligations were not designed to provide support to the former wife. They are not modifiable or subject to any contingencies, and thus lack the characteristics of alimony. They are part of the parties' equitable distribution scheme and were not intended to compensate for disparate incomes. See In re Montgomery, 169 B.R. at 444-45 (nonmodifiable $1,000 monthly payment not in nature of support where former wife had a job and received $100,000 lump sum alimony, car, house, $1,000 child support, and balanced grant to former husband of most of marital property); In re Campbell (hold harmless provision in settlement agreement not in nature of support where not subject to terminate on wife's remarriage or death, did not balance income disparity, and agreement specifically provided for child support).
In light of the short duration of the marriage and the provision in the Agreement for $100,000 lump sum alimony and $2,500 monthly child support, there is no indication that the parties intended the debt assumption to serve as support. The reaffirmation provision indicates, instead, that they did not consider the obligations to be nondischargeable in bankruptcy.
The former wife did not sustain her burden to prove by a preponderance of the evidence that the debt assumption and hold harmless provisions were "actually in the nature of alimony, maintenance, or support." Therefore, the trial court erred in finding *156 these obligations nondischargeable under 11 U.S.C. § 523(a)(5). The finding is clearly erroneous and must be reversed. See Scharmen v. Scharmen, 613 So.2d 121 (Fla. 1st DCA 1993); In re Stebbins, 105 B.R. 118 (S.D.Fla.1989) (bankruptcy court's finding that debt was nondischargeable not disturbed on appeal where not clearly erroneous).

ATTORNEY'S FEES
The trial court erred in denying the former wife's request for attorney's fees because the parties and the court agreed to try the fee issue later. Thus, no evidence was presented during the trial regarding the former wife's need or the former husband's ability to pay. The trial court could not properly rule on the issue without hearing such evidence. Because the issue of attorney's fees was not litigated, the court's ruling is reversed. Cf. Noonan-Judson v. Surrency, 669 So.2d 1058 (Fla. 5th DCA 1996) (judgment on issue not presented in pleading or litigated by parties voidable on appeal). Moreover, the reversal of the former wife's $17,038 judgment requires review of the fee issue.
We are sure the trial court will consider the disparity in the parties' incomes and the former husband's "superior financial position," when considering whether the former husband should pay the former wife's attorney's fees. The superior financial position of one party alone is not the proper basis for an award of attorney's fees under section 61.16, Florida Statutes. Rather, the propriety of a fee award depends on the need of the party seeking fees and the ability of the other party to pay them. Rausch v. Rausch, 680 So.2d 624 (Fla. 5th DCA 1996); Seward v. Seward, 676 So.2d 49 (Fla. 5th DCA 1996). The trial court should provide for a hearing to take financial evidence from the parties.
AFFIRMED IN PART; REVERSED IN PART.
DAUKSCH, J., concurs.
PETERSON, J., concurs in result only.
NOTES
[1] The 1994 amendment to section 523 of the Bankruptcy Code added subsection (15) which denies discharge of obligations formerly dischargeable under section 523(a)(5). See In re Arnott, 210 B.R. 651 (Bankr.S.D.Fla.1997). The revised Code section reads:

§ 523. Exceptions to discharge
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt
* * * * * *
(15) not of the kind described in paragraph (5) that is incurred by the debtor in the course of a divorce or separation or in connection with a separation agreement, divorce decree or other order of a court of record, a determination made in accordance with State or territorial law by a governmental unit unless
(A) the debtor does not have the ability to pay such debt from income or property of the debtor not reasonably necessary to be expended for the maintenance or support of the debtor or a dependent of the debtor and, if the debtor is engaged in a business, for the payment of expenditures necessary for the continuation, preservation, and operation of such business; or
(B) discharging such debt would result in a benefit to the debtor that outweighs the detrimental consequences to a spouse, former spouse, or child of the debtor;
11 U.S.C. § 523(a)(15) (1994).
[2] The former wife currently earns $3,333 per month, or $40,000 annually, in addition to the monthly child support she receives.