**In the Matter of Sanford Seymour RACHMIEL, Debtor.**

**Blossom GOLDFEIN, Plaintiff,**

v.

**Sanford Seymour RACHMIEL, Defendant.**

**Bankruptcy No. 81–301.**

United States Bankruptcy Court, M. D. Florida, Tampa Division.

March 4, 1982.

David W. Steen, Tampa, Fla., for plaintiff.

Daniel P. Rock, Holiday, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a contested discharge proceeding and the matter under consideration is the dischargeability, vel non, of an admitted debt owed by Sanford Seymour Rachmiel, the Debtor involved in this Chapter 7 case to Blossom Goldfein, who instituted this adversary proceeding. The debt sought to be declared to be non-dischargeable is represented by a Final Judgment entered in the amount of $15,651.35 in favor of the Plaintiff and against the Debtor by the Superior Court of New Jersey, Chancery Division, Essex County, in an action for divorce, Docket No. M–2987–73.

The matter under consideration is a Motion for Summary Judgment filed by the Debtor who contends that there are no genuine issues of material facts and that he is entitled to a judgment as a matter of law.

The facts germane to the resolution of the matter under consideration as appear from the record, consisting of the complaint, the answer and an affidavit filed by the Debtor in support of the Motion, can be summarized as follows:

On July 2, 1976, the Superior Court of New Jersey entered a Final Judgment of Divorce. The Final Judgment, in addition to providing for the dissolution of the marriage of the parties, further provided inter alia that the Debtor shall pay $145 per week to the Plaintiff for alimony and as support for three minor children each week. Out of this sum, $55 was to be paid to the Plaintiff as alimony and the sum of $30 for the support of each of the minor children. The Final Judgment also required the Debtor to make certain other payments on behalf of the Plaintiff and that the Debtor shall pay to the Plaintiff the sum of $15,-651.35, representing one-half of the fifty percent interest in a business known as Federal Bootery owned by the husband. The sum awarded to the Plaintiff was to be paid in 96 monthly installments of $163.04 each. The Final Judgment contains no other provision for equitable distribution of

properties between the parties even though they owned a house as co-owners.

It further appears that on September 14, 1979, the Plaintiff who since remarried, filed a suit in the Sixth Judicial Circuit in and for Pasco County, Florida against the Debtor. In Count I of the complaint she sought a money judgment based on a Final Judgment, entered in New Jersey on November 27, 1978 against the Debtor in the amount of $14,525.40. In Count II of the complaint, she sought a money judgment in the amount of $1,370 based on past due alimony and $300 based on past due child support allegedly owed by the Debtor. Count II of the complaint also stated that these sums are included in the amount sought in Count I. She prayed for the enforcement of the New Jersey Judgment "*as applied to current arrearages,* through the medium of any equitable remedies available for the enforcement of a Florida judgment, including ... contempt, sequestration, receivership, or requirement of security for future payments (emphasis supplied)." It is noteworthy that none of these methods of enforcement were sought with regard to a claim set forth in Count I of the complaint representing the equitable distribution of one-half of fifty percent interest in the Debtor's business.

On April 22, 1980, the Circuit Court in and for Pasco County, Florida entered a Final Judgment based on the stipulation of the parties. The Final Judgment awarded a money judgment in favor of the Plaintiff in the amount of $14,525.40; adopted the New Jersey Final Judgment of Divorce entered on July 2, 1976 as a Florida judgment; rendered a money judgment in favor of the Plaintiff in the amount of $1,370 for past due alimony but declined to render a judgment on the claim for past due child support.

The Debtor concedes, as he must, that the judgment in favor of the Plaintiff in the amount of $1,370 represents an obligation to pay alimony thus non-dischargeable by virtue of § 523(a)(5) of the Bankruptcy Code, but contends that the money judgment in the amount of $14,525.40 represents merely a debt based on the "equitable distribution of the Debtor's interest in his business" thus property settlement which, of course, is a liability covered by the general bankruptcy discharge as not within the exception to discharge under § 523(a)(5) of the Code. It is the contention of the Plaintiff that, notwithstanding the fact that the New Jersey judgment clearly states that the judgment is based on the equitable distribution of the property involved, the Bankruptcy Court must make an independent determination of the true nature and character of the obligation and is not bound by the label placed on the obligation by the State Court, citing *Fife v. Fife,* 1 Utah 2d 281, 265 P.2d 642; *S.Rep.No. 95–989,* 95th Cong., 2d Sess. 77–79 (1978); *H.R.Rep.No. 95–595,* 95th Cong., 1st Sess. 364 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787 and what constitutes alimony, maintenance or support is to be determined by bankruptcy law and not by State law, *Fife v. Fife, supra.* Based on the foregoing, the Plaintiff urges that this question can never be resolved by a Motion for Summary Judgment because the court always must conduct an evidentiary hearing in order to determine the true nature and character of the obligation even when the divorce decree seemingly leaves no doubt as to the true nature of the obligation involved in the controversy. To accept this proposition would mean, of course, that the bankruptcy court will be called upon to retry the entire divorce case with the possible exception of the dissolution aspect of the case. Such radical proposition is not supported by logic, common sense or any overriding federal policy. Neither is there anything in the legislative history of this Section which indicates that this was the intent of Congress by enacting § 523(a)(5). While it is true that when the state court record is ambiguous as to the true character of the obligation, such inquiry is not only justified but obviously necessary, but if the record of the state court proceeding is explicit and the final decree is clear, it would be improper to cast aside and disregard the determination by the state court concerning the nature of the award.

Bankruptcy Courts considering this question have considered several factors such as presence or the absence of provisions for alimony, maintenance or support; the absolute or contingent nature of the award, i.e. whether it terminates or survives upon death or remarriage or upon children reaching majority; the method of enforcement i.e. by execution and levy like the enforcement of any ordinary judgments or by contempt proceeding which is the recognized method of enforcing alimony and support obligations. Lastly whether there is, in fact, a property in which the wife had a special equity and whether or not the award is subject to modification due to changed circumstances or final.

■ Considering the foregoing, this Court is satisfied that the award in the sum of $14,525.40 to the Plaintiff represents an equitable distribution of her interest in the business of the Debtor and is not an award for alimony or child support, accordingly, it is a dischargeable debt. This conclusion is based on the following:

The obligation to pay the award in this case is absolute and is not contingent. It survives remarriage or death; the final decree includes a provision for alimony and child support; the Plaintiff when she sought the enforcement of the New Jersey Final Judgment in Florida specifically limited her request for enforcement by contempt to the claim for past due alimony or support and did not seek an enforcement of the money award by this method, but only to be enforced by execution and levy, just like any other money judgment. Moreover, it should be pointed out that there is nothing in the Final Judgment of Divorce which provides for the retention of jurisdiction to consider modification of the award in question due to changed circumstances which is always a routine and typical provision of a Divorce Decree with regard to an award for alimony or child support. Neither is there any such request in the complaint filed by the Plaintiff in the Circuit Court in Florida nor is there any such provision in the judgment rendered by the Circuit Court. Lastly, it is without dispute that there were properties acquired by the parties during the marriage, i.e. the residence and the business of the Debtor and the only property settlement in the Final Judgment of Divorce dealt with the Plaintiff's special equity in the Debtor's business and it did not deal with any settlement of her special equity in the marital home.

Applying the foregoing to the facts relevant to the resolution of the matter under consideration, there is no doubt that there are no genuine issues of material facts and the Debtor is entitled to a judgment as a matter of law.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment be, and the same hereby is, granted and judgment is hereby entered in favor of the Defendant and against the Plaintiff and the obligation represented by the state court judgment in the amount of $14,525.40 be, and the same hereby is, declared to be dischargeable.