**In the Matter of Melvin James VANDE ZANDE, Debtor.**

**Betty Jane VANDE ZANDE, Plaintiff,**

v.

**Melvin J. VANDE ZANDE, Defendant.**

**Adv. No. 81–0015.**

United States Bankruptcy Court,
W. D. Wisconsin.

Aug. 4, 1982.

Henry Hayes Conti, Waupun, Wis., for plaintiff.

Jean H. Lawton, Lawton & Cates, Madison, Wis., for defendant.

## MEMORANDUM DECISION

ROBERT D. MARTIN, Bankruptcy Judge.

This adversary proceeding is an objection to dischargeability filed by Betty Jane Vande Zande, the former wife of debtor Melvin J. Vande Zande. The Vande Zandes were divorced on October 10, 1979. As part of the divorce decree, the state court ordered that the marital property of $45,977 be evenly divided between the parties. To accomplish this division, Betty was awarded the parties' house in Beaver Dam, worth $15,300, personal property, worth $1,050, her car, net value $125, her pension of $1,875, and a tax escrow fund of $562. This totals $18,912. Melvin was awarded personal property of $665, a car worth $100 and a van worth $200, life insurance with a cash surrender value of $2,157, a bank account of $45, a tax refund of $398 and a home worth $23,500, for a total of $27,065. The court provided that Melvin be liable for the outstanding family debt of $1,931, including a mortgage on the Beaver Dam house, which reduced his share of the marital assets to $25,134. To create exact parity between the parties, Melvin was ordered to pay Betty the sum of $3,111, with interest. The court further provided:

> The respondent shall have the duty to pay off the petitioner within three months as of the date of the signing of this decision by the Court. If he does not

have the debt paid within three months, due the petitioner, she shall have the right of foreclosure on the property and receive her net of $3111.00 plus interest and her costs of collection.

The court specifically found that both parties had given up any right to maintenance.

Melvin filed a petition in bankruptcy on November 5, 1980. Included in his schedules are three debts:

1. Betty Jane Vande Zande:

Money payable to previous wife per divorce judgment, Circuit Court, Branch 4, Fond du Lac County, Wisconsin, Case # 3–8574, as part of the property settlement in said case. $3,256.18

2. Betty Jane Vande Zande:

Money payable to previous wife as part of marital debts consolidated at Capital Finance Corporation, Waupun, Wisconsin, as ordered payable under Divorce Judgment, Circuit Court Branch 4, Fond du Lac County, Wisconsin, Case # 3–8574. $1,450.00

3. Betty Jane Vande Zande:

Money payable to previous wife or First Federal Savings and Loan Association of Fox Valley, Waupun, Wisconsin, 53963, ordered payable under Divorce Judgment, Circuit Court, Branch 4, Fond du Lac County, Wisconsin, Case # 3–8574. $481.18

Betty argues that these debts should be held nondischargeable as alimony, maintenance or support. Melvin argues that they constitute a property settlement which should be discharged.

11 U.S.C. § 523(a)(5) provides:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(A) such debt is assigned to another entity, voluntarily, by operation of law, or otherwise; or

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

■ Some general principles have emerged from the case law construing 11 U.S.C. § 523(a)(5). First, the burden of proof is on the party objecting to discharge. *In Re Bailey*, 20 B.R. 906 (Bkrtcy.W.D.Wis. 1982), *In Re Fox*, 5 B.R. 317, 6 B.C.D. 709 (Bkrtcy.N.D.Tex.1980), *In Re Daviau*, 16 B.R. 421 (Bkrtcy.D.Mass.1982). Second, what constitutes alimony is a federal, not state law question. *In Re Bailey, infra, In Re White*, 9 B.R. 11 (Bkrtcy.). Finally, the labels in the divorce decree are not determinative of the nature of the award. *In Re Warner*, 5 B.R. 434, 6 B.C.D. 788, [1978–1981 Transfer Binder] BANKR.L.REP. (CCH) ¶ 67,631, at 78,061 (Bkrtcy.D.Utah 1980), *In Re Carrigg*, 14 B.R. 658, 8 B.C.D. 330, 5 C.B.C.2d 446 (Bkrtcy.D.S.C.1981).

■ As noted in *Bailey* courts look to two types of evidence in determining whether an award was made for alimony, maintenance or support. First, they consider the form of the award. *In Re Carrigg, infra, In Re Daviau, infra.* Second, they consider whether, according to the parties' circumstances, a need for support exists. *In Re Warner, infra.*

■ In the present case, the form of the award is more consistent with a property settlement than with alimony. The award is a lump sum, not made terminable on the wife's death or remarriage. The award does not appear to have been made for purposes of support as the parties are in roughly equal financial condition. The divorce court announced its intention of dividing the property equally because of the length of the marriage. It made no mention of a need for support. Finally, Wisconsin law mandates the equal division of property, absent special circumstances of need. Wis.Stat. § 767.255 (1979–1980). Thus, where property is divided equally a presumption arises that support was not considered in making the award.

Upon the foregoing I must conclude that the debt to Betty and the other debts arising out of the property division in the divorce are dischargeable. Judgment may be entered accordingly.