In re John Butler HALL, Debtor.

Shirley E. HALL, Plaintiff,

v.

John Butler HALL, Defendant.

Bankruptcy No. 83–800–Orl–BK–GPN. Adv. No. 83–450.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

July 11, 1984.

---

William N. Asma, Winter Garden, Fla., for plaintiff.

Charles L. Early, Jr., DeLand, Fla., for defendant.

## MEMORANDUM OPINION

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court on cross-motions for summary judgment. It presents a difficult question of characterization of a debt as alimony or maintenance in which case it may not be discharged under the terms of 11 U.S.C. § 523(a)(5) or, alternatively, whether it is a marital property settlement award which is covered by the defendant's discharge.

A final decree of dissolution of the marriage of the debtor and his former wife, the plaintiff, was entered in Florida, the defendant's current domicile, on October 1, 1982. Maryland, which had been the marital domicile and continues to be the domicile of the plaintiff, maintained jurisdiction to afford relief ancillary to the dissolution. Following a hearing in 1982, the Circuit Court for Baltimore County, State of Maryland, determined that the total marital estate totalled $304,541, of which $250,000 was the actuarial value of the defendant's pension. The court found that he had made a valid irrevocable election to take the pension benefits in lifetime payments and thus had no access to a lump sum. The Maryland court found that if division of the marital property purely by title took place, the plaintiff/wife would have no access to the principal asset, i.e. the pension entitlement. It therefore entered a final judgment to the effect that, *in addition to the alimony already in effect*, ($240 per month, ordered in 1980 by the Maryland court, following the 1978 final separation of the parties) plaintiff was awarded what the court characterized as a property settlement of $93,000. The settlement was to consist of the conveyance of marketable title to the marital home, conveyance of title to various other items in which the defendant/husband had one-half interest, and, in order for the plaintiff to receive a share in the pension benefits, payments to her of $400 a month for 156 months, to total $63,000. In that the defendant has listed the entire $93,000 on his schedule of debts within his bankruptcy case, and the plaintiff alleges that the defendant "has not complied" with the Maryland order, it appears that the full amount adjudged owing to the plaintiff remained unpaid when the defendant filed his Chapter 7 petition.

The plaintiff argues that the judgment awarded her by the Maryland court is "actually in the nature of alimony, maintenance, or support," within the meaning of 11 U.S.C. § 523(a)(5) and thus non-dischargeable. The defendant counters that the debt has resulted from a division of marital property and is thus within the scope of the general discharge that he has received.

Prior to enactment of the Bankruptcy Code of 1978, courts uniformly applied state law to determine whether an obligation was in the nature of alimony, maintenance, or support. E.g. *In re Albin*, 591 F.2d 94 (9th Cir.1979); *In re Waller*, 494 F.2d 447 (6th Cir.1974). However, in enacting the Code, Congress dictated that the determination should be made by application of federal rather than state law. H.R.Rep. No. 595, 95th Cong., 2d Sess., 364, reprinted in U.S. Code and Ad.News. *Stout v. Prussel*, 691 F.2d 859 (9th Cir.1982).

The federal law in this area was thus not developed when the Code was adopted there having been no other body of federal common law respecting classification of property rights arising from dissolution of marriage. It appears that a distillation of the law that has developed post-

Code is that it is appropriate to consider the form and circumstances of the award, the intent of the parties in the instance of an agreed settlement, and probably most importantly, whether at the time the judgment was entered a need for support existed. See, e.g. *Matter of Vande Zande*, 22 B.R. 328 (Bkrtcy.Wis.1982).

Here the evidence shows that at the time of the Maryland property trial the plaintiff's earned income had averaged approximately $600 per month and that no dramatic shift in her capacity was foreseeable. In addition, she was, at the time the trial was held, continuing to receive $240 per month in alimony. The three children of the marriage were adults at the time of the Maryland judgment, and the plaintiff was continuing in possession and use of the marital home which, on the basis of the defendant's schedules, we take to be unencumbered. Thus, the plaintiff had, at the time the Maryland court ordered the payments, a monthly income of approximately $840, no dependents, and limited housing expenses. There is no evidence to suggest that the plaintiff had significant medical problems, heavy personal debt, or other unusual drains on her income. Therefore, it does not appear that the plaintiff had a compelling need for support to meet her daily needs. There are several valid reasons to deem the judgment *equitable*, e.g. that the award constitutes an equitable allocation of the marital assets which takes into account the plaintiff's contributions to the household throughout the long marriage, that her economic potential is more limited than the defendant's, etc. As much as these reasons support the correctness of the Maryland court's allocation of property, they do nothing to suggest that the money awarded to the plaintiff should be viewed as alimony or support rather than as a property settlement. We believe that in this instance the state court determination is entitled to particular weight in that it is reinforced by an opinion by Maryland's highest state court in the recent *McAlear v. McAlear*, 298 Md. 320, 469 A.2d 1256 (1984). That case goes to considerable length in discussing and maintaining the distinction between alimony and awards of marital property and is in full accord with the decision reached by the Circuit Court in this case. While it is, as noted above, axiomatic that bankruptcy courts have an affirmative obligation to look beyond labels applied at the state court level, there is good authority to the effect that state law as interpreted by state courts should be a guideline, See *In re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga.1980), *Matter of Rachmiel*, 19 B.R. 721 (Bkrtcy.M.D.Fla.1982). The characterization applied in state court is entitled to far greater deference when, as in the instant case, it is based on findings of fact and conclusions of law by the presiding judge than when it is simply a judicial rubber stamp of a negotiated agreement by the parties. While we agree that we are governed by federal rather than state law, we find it illogical and unproductive to fail to extend considerable weight to state court interpretations of state law.

Based on the factors set out above, we must find that the debt created by the Maryland judgment against the defendant in the amount of $93,000 is dischargeable under 11 U.S.C. § 523(a)(5). A judgment in accordance with this opinion has been separately entered this date.