In the Matter of Carman Matthew
BASILE, Debtor.

Barbara BASILE, Plaintiff,

v.

Carman Matthew BASILE, Defendant.

Bankruptcy No. 83–2505–Bk–T.
Adv. No. 84–88.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 19, 1984.

Roger P. Hartley, New Port Richey, Fla., for plaintiff.

Michael G. King, Tampa, Fla., for defendant.

## ORDER ON MOTION FOR SUMMARY JUDGMENT

ALEXANDER L. PASKAY, Chief Judge.

This is a Chapter 7 case and the matter under consideration is the dischargeability, vel non, of a debt allegedly owed to Barbara Basile, the Plaintiff in the above-styled adversary proceeding. On June 8, 1984, Mrs. Basile, the former wife of the Debtor, filed a Complaint seeking to except a debt representing a Final Judgment of Dissolution of Marriage from the general discharge of Carman Matthew Basile pursuant to § 523(a)(5) of the Bankruptcy Code. In the alternative, the former wife seeks in Count II a Declaratory Judgment that the past, present and future Air Force retirement checks of the Debtor are not property of the estate under § 541. The matter is now before the Court upon a Motion for Summary Judgment on both Counts filed by the Debtor and upon a Motion for Summary Judgment upon Count II filed by the Plaintiff.

The Court considered the record and finds that the undisputed facts are as follows:

On December 11, 1975, the Circuit Court of Pasco County, Florida entered a Judgment of Dissolution of Marriage which dissolved the marriage of the Debtor and Plaintiff. Incorporated into the Judgment was the property settlement agreement executed by the parties. According to the settlement agreement, the Debtor agreed to maintain a joint account with the Plaintiff and to deposit his Air Force retirement check into the account. The settlement further provides that the Agreement governs for all purposes the parties' present and future property rights, claims and demands. It is without dispute the obligations represented in the settlement agreement do not terminate on the death or remarriage of the wife. Based on the foregoing, the former wife takes the position that the obligations are in the form of alimony and, therefore, non-dischargeable pursuant to § 523(a)(5).

Obligations in the form of alimony are excepted from discharge pursuant to § 523(a)(5)(B) which provides in pertinent part as follows:

§ 523. Exceptions to discharge

(a) A discharge under section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

Case law developed under the former Bankruptcy Act of 1898 utilized State law to determine the nature of an obligation as being alimony or support. *In re Albin,* 591 F.2d 94 (9th Cir.1979); *In re Waller,* 494 F.2d 447 (6th Cir.1974). The legislative history of § 523(a)(5) of the Bankruptcy Act of 1978, clearly indicates that Congress intended that Federal law rather than State law should govern and be determinative whether an obligation is in the nature of alimony or support or property settlement. H.R.Rep. No. 595, 95th Cong., 2d Sess. 364, U.S.Code Cong. & Admin.News 1978, p. 5787. As a result, Bankruptcy Courts now look beyond the labels placed upon the obligation by the State Courts and consider all relevant facts

and circumstances. *In re Hall,* 40 B.R. 204, Bankr.L.Rep. (CCH) ¶69,934 (Bankr.M. D.Fla.1984); *In the Matter of Vande Zanda,* 22 B.R. 328 (Bankr.W.D.Wis.1982).

■ To determine the nature of the obligation provided by a divorce decree for purposes of dischargeability, courts have generally considered the following factors:

(1) Whether the obligation under consideration is subject to contingencies such as death or remarriage;

(2) Whether the payment was fashioned in order to balance disparate incomes of the parties;

(3) Whether the obligation is payable in installments or in a lump sum;

(4) Whether there are minor children involved in the marriage requiring support;

(5) The respective physical health of the spouse, and the level of education; and last,

(7) Whether in fact there was need for support at the time of the circumstances of the particular case.

*Hoover v. Hoover (In re Hoover),* 14 B.R. 592 (Bankr.N.D.OH 1981); *Varde Zande,* Supra p. 330.

■ The settlement agreement in the case under consideration reflects that there are no minor children in the marriage involved which require support nor are these obligations to be paid in installments. It is further without dispute that the Air Force benefits of the Debtor were to be deposited in the joint account to be maintained by the Debtor with his former spouse. Furthermore, the Agreement does not appear to balance the income of the parties. Finally, it is without dispute that the obligation does not terminate on the remarriage or death of the wife.

Based on these factors, it is clear that the purpose of the agreement was not to provide maintenance or support for the former wife and these obligations are a result of a property settlement and are not obligations to pay alimony and, therefore, they are dischargeable.

■ In the alternative, it is the Plaintiff's contention, set forth in Count II, that the Debtor's Air Force retirement pay benefits became fully vested and were to be held by him only, in constructive trust for the sole benefit of the Plaintiff and, therefore, are not properties of the Debtor's estate.

According to the Settlement Agreement, the Debtor is required to deposit the retirement checks into a joint account and permit the wife to withdraw the funds. There is nothing in the record which indicates that the Debtor could not also withdraw funds from the same account. Furthermore, it is unclear whether the Debtor had the authority to withhold a portion of the checks or whether the benefits terminated upon his death. This being the case, the Court is satisfied that there remains material issues of fact and that the judgment may not be entered as a matter of law on Count II.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by the Debtor, Carman Matthew Basile, be, and the same hereby is, granted as to Count I and denied as to Count II. It is further

ORDERED, ADJUDGED AND DECREED that Count I of the Complaint filed by the Plaintiff, Barbara Basile, be, and the same hereby is, dismissed. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Summary Judgment filed by Barbara Basile be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that a final evidentiary hearing on Count II shall be rescheduled for March 22, 1985 at 3:00 p.m. in Room 703, 700 Twiggs St., Tampa, Florida.