**In re Glenn J. MIDNET, Debtor.**

**Kathleen M. MIDNET, Plaintiff,**

**v.**

**Glenn J. MIDNET, Defendant.**

**Bankruptcy No. 86–4966–BK–FM.
Adv. No. 87–31.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Feb. 3, 1988.

Herbert A. Fried, Fort Myers, Fla., for plaintiff.

Alfred E. Johnson, Fort Myers, Fla., for defendant.

### FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 case, and the matter under consideration is a Complaint seeking a final judgment from this Court declaring a debt owed by Glenn J. Midnet (Debtor), the Debtor, and the Defendant in this adversary proceeding, to Kathleen M. Midnet (Plaintiff), the Plaintiff, to be nondischargeable pursuant to § 523(a)(5) and § 523(a)(2)(A) of the Bankruptcy Code. The Court has considered the Complaint, together with the record, has heard arguments of counsel, and finds the facts relevant to a resolution of the matter under consideration as established at the final evidentiary hearing to be as follows:

The Plaintiff and the Debtor were at one time husband and wife, and on April 28, 1986, a Final Judgment of Dissolution of Marriage was entered in the Circuit Court in and for Lee County, Florida. The Final Judgment provided in part the following:

7. The joint debt to Sears [in the amount of $800.00] shall be equally paid by both parties, who shall indemnify the

other person and hold the other person harmless for his and her respective one-half share.

8. The Court awards the Husband the Wife's undivided fifty (50%) percent interest in the family business, and directs the Wife to transfer her fifty (50%) percent interest in the business to the Husband in return for she [sic] receiving the sum of TWENTY FIVE THOUSAND ($25,000.00) DOLLARS, payable to her in full in ninety (90) days from the date of this Final Judgment.

9. The Husband shall be responsible for the Wife's attorney's fees and costs ... (Joint Exh. 3)

In addition, the Final Judgment awarded the Plaintiff primary custody of the couple's two minor children (Joint Exh. 5), and awarded the Plaintiff rehabilitative alimony in the amount of $100.00 per week for 36 months. The dischargeability status of the rehabilitative alimony is not in dispute in this proceeding.

On August 28, 1986, the Circuit Court entered an Amended Order for attorney fees and costs which provided that "the former Wife, Kathleen M. Midnet, [shall] recover as an incident of alimony from the former Husband, Glenn J. Midnet, the total sum of $6,291.45 [for attorney's fees and costs] ..." (Joint Exh. 5).

It is undisputed that the Sears bill, which was incurred when the Debtor used the Plaintiff's credit card to buy some tools, is in the amount of $800.00 and the attorney's fees and costs owed are in the amount of $6,291.45. (Joint Exh. 5)

It is the contention of the Plaintiff in Count I of the Complaint that the amount owed on the Sears bill, the amounts owed for attorney's fees and costs, and the $25,000.00 payment are all in the nature of alimony and are therefore nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. Count II of the Complaint again appears to challenge the dischargeability of the $25,000.00 owed by the Debtor to the Plaintiff and, according to the complaint, is based on § 523(a)(2)(A) of the Bankruptcy Code. In this Count, the Plaintiff alleges that the Debtor fraudulently transferred the assets of the family business to prevent the existence of any source for the payment of the $25,000.00 to the Plaintiff, and based on this alleged transfer, the $25,000.00 should be determined to be a nondischargeable debt.

Although the Debtor does not dispute the existence of the debt owed by the Debtor to the Plaintiff, the Debtor contends that these debts are not in the nature of alimony or support.

Count I of the complaint is governed by § 523(a)(5) of the Bankruptcy Code which addresses the dischargeability of debts owed for alimony and provides in pertinent part as follows:

§ 523. Exceptions to discharge

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, determination made in accordance with state or territorial law by a governmental unit, or property settlement agreement, but not to the extent that—

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

To accomplish the purpose behind the Bankruptcy Code, that is, to provide the Debtor with a fresh start, it is first assumed that a debt is dischargeable unless the complaining spouse, who bears the burden of proving nondischargeability, proves that the obligation under consideration is actually in the nature of alimony, maintenance, or support. *Tilley v. Jessee*, 789 F.2d 1074 (CA Va.1986). Obligations in the nature of alimony, maintenance or support may include not only the payment of money or the transferring of property, but also the duty to pay the former spouse's attorney's fees incurred in the divorce pro-

ceeding if those fees are intertwined with the obtaining and enforcement of the alimony or support obligation. *See In the Matter of Breen,* 50 B.R. 454 (Bankr.Del. 1985) The determination of the character of the obligation is based on federal, not state, law for purposes of determining dischargeability. *See In re Hall,* 51 B.R. 1002 (Bankr.Ga.1985); *In the Matter of Basile,* 44 B.R. 221 (Bankr.M.D.Fla.1984).

[redacted] Factors to be considered in determining whether an obligation is in the nature of alimony, support, or maintenance include whether the obligation is subject to contingencies such as remarriage or death, whether payment appears to balance disparate incomes, whether the obligation is payable in installments or in a lump sum, whether there are minor children, whether there was in fact a need for support at the time it was awarded, the structure and terms of the final decree, whether the award is modifiable, the matter of enforcement of the award, and whether there was a division of property and debts. *See In re Bell,* 47 B.R. 284 (Bankr.E.D.N.Y.1985) *See In the Matter of Basile, supra; In the Matter of Rachmiel,* 19 B.R. 721 (Bankr.M.D.Fla.1982); *In the Matter of Newman,* 15 B.R. 67 (Bankr.M.D.Fla.1981). Further, a court will look to the substance of the agreement or the final decree dissolving the marriage rather than the label the parties elected to use or the court placed on the particular obligation in determining the character of the debt. *See In re Usher,* 442 F.Supp. 866 (N.D.Ga.1977).

[redacted] Due to the fact that the attorney fees and costs were incurred by the Plaintiff at least in part in order to receive the rehabilitative alimony and child support, this Court is satisfied that the attorney fees and costs are in the nature of alimony, maintenance, or support and should be determined to be nondischargeable debts.

[redacted] As to the $25,000.00 payment from the family business, this Court is satisfied that these payments are in the nature of a property settlement. The Final Judgment entered on April 30, 1986, shows that the Debtor was to pay the Plaintiff $25,000.00 in exchange for the Plaintiff conveying her 50% interest in the business to the Debtor. Based on the evidence presented, this Court is satisfied that the parties were settling property rights and that the Debtor was simply buying out the Plaintiff's interest in the business. Clearly, if the $25,000.00 was meant as support, then the Plaintiff would not have transferred her 50% interest in the business to the Debtor.

[redacted] Further, this Court is satisfied that the Debtor's obligation to pay half of the Sears bill was based on a property settlement, not on support. Neither the Sears bill nor the $25,000.00 obligation terminated upon death or remarriage, and there is no evidence in the record that at the time the Final Judgment of Dissolution was entered the parties had disparate incomes.

Finally, the Plaintiff has failed to meet her burden of proof on Count II of the complaint as there is absolutely no indication in the record that the Debtor obtained "money, property, services, or an extension, renewal, or refinancing of credit" obtained by "false pretenses, a false representation or actual fraud" as is required by § 523(a)(2)(A).

A separate Final Judgment will be entered in accordance with the foregoing.