**In re Dale Francis FEUERBORN, Angela Louise Feuerborn, Debtors.**

**Bankruptcy No. 86–21714–7.**

United States Bankruptcy Court, D. Kansas.

June 17, 1988.

Mary Catherine Jackson, Kansas City, Kan., for debtors.

David C. Seitter, Overland Park, Kan., trustee.

Carol A. Park, Wichita, Kan., trustee.

### MEMORANDUM OPINION AND ORDER

BENJAMIN E. FRANKLIN, Chief Judge.

This matter came for hearing on the debtors' motion for turnover of income tax refund and the trustee's related motion to set aside order allowing the debtors to

claim the refund as exempt on May 11, 1988. [The trustee's motion to set aside was not formally set for hearing. However, this Court will also consider the trustee's motion because it involves the same subject matter as the debtors' motion.] The debtors, Dale Francis Feuerborn and Angela Louise Feuerborn, appeared through counsel, Mary Catherine Jackson. The trustee, David C. Seitter, appeared pro se.

## FINDINGS OF FACT

This Court finds that the facts are not at issue, are undisputed, and can be derived from the record as follows:

1. On November 18, 1986, the debtors, Dale Francis Feuerborn and Angela Louise Feuerborn, filed a petition for relief under chapter 7 of Title 11 of the United States Code. David C. Seitter was appointed trustee.

2. On April 24, 1987, the debtors filed an amendment to their schedule B–4 to exempt their 1986 income tax refund in the amount of $1,800.

3. On May 15, 1987, notice of the amendment pursuant to 11 U.S.C. § 102 was mailed to the debtors, scheduled creditors, the trustee, and all interested parties. The notice stated that if no objection to the amendment was filed with the Clerk on or before June 5, 1987, the amendment was deemed allowed as filed.

4. The trustee failed to file an objection by the deadline, June 5, 1987, nor at any time thereafter.

5. On July 10, 1987, this Court entered an order allowing the amendment of the Schedule B–4 to exempt the income tax refund.

6. On July 14, 1987, a copy of this order allowing the amendment was sent to the trustee.

7. Thereafter, the debtors through their attorney, contacted the trustee by telephone and by mail in order to retrieve the refund checks. The trustee refused to turnover the checks.

8. On April 5, 1988, the debtors filed a motion for turnover of the income tax refund checks and mailed a copy of the motion to the trustee. The motion for turnover was set for hearing on May 11, 1988.

9. On May 6, 1988, the trustee filed a motion to set aside this Court's prior order allowing the amended claim of exemption. The trustee requested the order be set aside for excusable neglect under F.R.C.P. 60(b). The trustee also filed an objection to the debtors' motion that same day.

10. On May 11, 1988, these matters came for hearing.

## CONCLUSIONS OF LAW

Certainly if the trustee, David C. Seitter, had timely objected to the amended claim of exemption of the income tax refunds on or before June 5, 1987, this Court would have sustained the objection and denied the amendment. This Court has held that income tax refunds attributable to pre-petition withholdings are property of the estate. *See In re Rash,* 22 B.R. 323 (Bankr. D.Kan.1982). In the usual case, income tax refunds go into the estate to be distributed by the trustee to the creditors rather than to the debtor.

However, the trustee failed to timely object to the debtors' amended claim of exemption of the refunds and this Court entered an order allowing the exemption on July 10, 1987. The issue now before this Court is whether the trustee should be ordered to turnover the refunds to the debtors or whether the July 10, 1987 order should be set aside for excusable neglect on the trustee's part under F.R.C.P. 60(b).

Unfortunately, after reviewing the record and the trustee's motion, and listening to statements of counsel, this Court *cannot* find excusable neglect in this case. I say unfortunately because I am really disinclined to turn the refunds over to the debtor. Kansas has one of the most generous set of state exemption statutes to which the debtors have taken full advantage. To now allow the debtors to exempt even more by receiving the income tax refunds surely results in a windfall to the debtors. The real losers in this case are the unsecured creditors, not the trustee.

However, this Court is bound by the parameters of rule 60(b) of the Federal Rules of Civil Procedure in granting relief from a judgement or order. Rule 60(b) provides that on motion and upon such terms as are just, the court may relieve a party or a party's legal representative for "mistake, inadvertence, surprise, or excusable neglect." The rule further provides that a motion on these grounds shall be made within a "reasonable time."

In the present case, this Court can find neither that the trustee's neglect was "excusable" nor that the timing of the trustee's motion was "reasonable." The trustee really fails to offer any explanation or excuse at all as to why he failed to object to the amendment in the first instance. He just states that he "intended" to file an objection but that "due to an oversight" he failed to do so. That is no excuse. The trustee had at least four notices that the debtors were improperly attempting to exempt income tax refunds. He had the original May 15, 1987 notice of the amendment. He had the July 10, 1987 Order allowing the amendment. He also had the debtors' attorney contacting him by phone in August, 1987 and by mail on September 19, 1987, about the refunds. With all these reminders, the trustee did not get around to filing a motion to set aside the order until May 6, 1988, ten months after the order allowing the amendment.

IT IS THEREFORE, BY THE COURT, ORDERED That the trustee's motion to set aside the prior July 10, 1987 Order allowing the debtors to claim the refunds as exempt be and the same hereby is DENIED.

IT IS FURTHER, BY THE COURT, ORDERED That the debtors' motion for turnover of the income tax refunds be and the same hereby is SUSTAINED.