In re Michael J. KINNEY, Debtor.

Michael J. KINNEY, Plaintiff,

v.

Margaret Ann KINNEY, Defendant.

Bankruptcy No. 81–1962–8P7.
Adv. No. 87–125.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

July 27, 1988.

Domenic L. Massari, III, Kass, Hodges & Massari, Tampa, Fla., for plaintiff.

Richard C. Prosser, Tampa, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 7 liquidation case and the matter under consideration is the dischargeability vel non of an obligation imposed on Dr. Michael J. Kinney (Dr. Kinney) in conjunction with a divorce proceeding by the Circuit Court of the County of Cabell of the State of West Virginia. The claim that the obligation is dischargeable is asserted by Dr. Kinney who instituted this adversary proceeding against Margaret Ann Kinney, his former wife, who is the named Defendant in this adversary proceeding. The facts as appear from the record and relevant to the character of the obligation in question involve a provision in the original final decree of divorce which was entered on December 29, 1981, which provided that Dr. Kinney was to pay and save Margaret Ann Kinney harmless on all outstanding obligations and debts incurred by the parties prior to the filing of the divorce action.

At the final evidentiary hearing, counsel for Dr. Kinney and Margaret Ann Kinney stipulated that the facts are without dispute and the issue can be resolved as a matter of law based on the documentary evidence which by agreement was admitted in evidence, which reveals the following facts:

Dr. Kinney and his former wife, Margaret Ann Kinney, were married on January 30, 1973. At the time of the divorce, the couple had two minor children, ages 5 and 7 respectively. On March 26, 1981, Margaret Ann Kinney filed an action for dissolution of the marriage in the Circuit Court of Cabell County, West Virginia and requested *inter alia* an award of alimony. On October 23, 1981, while the divorce proceeding was still pending Dr. Kinney filed his Voluntary Petition for Relief in this Court. Shortly thereafter, this Court having modified the automatic stay, authorized Margaret Ann Kinney to proceed and complete the divorce action. In turn, the same came to a conclusion by the entry of a final divorce decree by the Circuit Court on December 29, 1981. (Joint Exhibit # 1) The divorce decree dealt, inter alia, with the subject of custody and provided for child support, and a division of certain properties owned by Dr. Kinney and his former wife. Most importantly, the decree provided in the section of the decree dealing with property division in specific language that Dr. Kinney "shall pay and save the Plaintiff [Margaret Ann Kinney] harmless on all outstanding obligations and debts incurred by the parties prior to the filing of this action." The final divorce decree specifically provided, however, that Margaret Ann Kinney was not entitled to any alimony. (Joint Exhibit # 1)

In due course Margaret Ann Kinney, having been aggrieved by the final decree, filed a notice of appeal. On appeal, Margaret Ann Kinney challenged the final decree in two respects, one of which related to the distribution of the properties and the second dealt with the trial court's failure to award alimony. The Court of Appeals concluded in *Kinney v. Kinney*, 304 S.E.2d 870 (W.Va.Ct.App.1983) (Joint Exhibit # 2) that under the applicable state statute this was a no-fault divorce and, therefore, the trial court erred by concluding that since Dr. Kinney was without fault he should not be ordered to pay alimony. The Court of Appeals also found that since the trial court made no findings of fact pertaining to the factors which must be taken into consideration in making an alimony award under the laws of West Virginia, W.Va. Code, 48-2-16 (1969), the case should be remanded for further consideration by the lower court. Accordingly, the Court of Appeals remanded the action to the trial court with directions to determine an appropriate alimony award, if any, according to the statute just cited.

Pursuant to the order of remand, the trial court conducted an extensive hearing at which time counsel for the parties discussed not only the proper method to comply with the order of remand, but also the fact that Dr. Kinney was already involved in a bankruptcy proceeding and had obtained his discharge. It is clear from the

transcript that the court in fashioning the remedy was persuaded to structure its ultimate order to assure that the obligation imposed on Dr. Kinney would not be a dischargeable obligation (Joint Exhibit No. 6). Moreover, it further appears from the transcript of the proceeding that while there was some evidence presented concerning Dr. Kinney's financial conditions, there was nothing whatsoever presented as to Margaret Ann Kinney's financial condition and her needs. However, it is clear that the order on Remand (Joint Exhibit # 7) provided in Paragraph 2 that Margaret Ann Kinney was awarded limited rehabilitative alimony in an amount necessary 1) to pay and save her harmless with regard to the indebtedness owed to Guaranty National Bank discussed below by virtue of her guaranty to completely indemnify her for attorney fees and court costs for an action which was already pending against her by the Guaranty National Bank, and 2) to completely indemnify her on other joint obligations incurred by the parties prior to the commencement of the divorce proceeding.

It appears that prior to the commencement of the divorce proceeding and while Dr. Kinney was still married, Margaret Ann Kinney co-signed several promissory notes in favor of Guaranty National Bank which guaranties were signed by her on behalf of Renal Care, Inc., and the Nephrology Foundation, Inc., two corporations which were solely owned by and operated by Dr. Kinney. It is without dispute and agreed by all that the only obligation which is really involved in this controversy is the obligation by Margaret Ann Kinney to Guaranty National Bank which was determined by virtue of a summary judgment entered on November 23, 1987, by the Circuit Court of Cabell County, West Virginia (Joint Exhibit # 8) to be as follows:

| | |
|---|---|
| $ 35,000.00 | Promissory Note |
| $ 5,800.00 | Promissory Note |
| $ 85,000.00 | Promissory Note |
| $100,000.00 | Promissory Note |
| $225,800.00 | TOTAL |

To this total judgment was added interest in the respective amounts of $36,107.53, $6,335.51, $56,740.41 and $84,958.90 and post-judgment interest at the legal rate and costs.

It should be noted that Guaranty National Bank who sued Dr. Kinney and Margaret Ann Kinney also filed a complaint seeking a determination that the debts owing on the promissory notes by Dr. Kinney are nondischargeable obligations by virtue of § 523(a)(2)(A) and (B). The matter was tried in due course by this Court which held that the $35,000.00 note, the $5,800.00 note, and the $100,000.00 note represented monies obtained in violation of § 523(a)(2)(A) and (B), and, therefore, they were declared to be nondischargeable debts. However, the amount owing on the note in the amount of $85,000.00 was determined to be dischargeable. The Final Judgment was entered by this Court on October 11, 1985, and is currently pending an appeal prosecuted by Dr. Kinney.

Dr. Kinney having been aggrieved by the order on remand appealed this order and challenged the award of the rehabilitative alimony of December 20, 1984, even though no order was actually entered, and apparently the appeal was based on a colloquy set forth in a transcript (Joint Exhibit No. 6). On January 22, 1986, the Supreme Court of Appeals of West Virginia "refused" (sic) the appeal.

There is nothing in this record which indicates whether or not Margaret Ann Kinney paid any of the judgment obtained by Guaranty National Bank against her and neither is there any evidence in this record as noted earlier as to her financial status either at the time the original final decree of divorce was entered or at the time the Circuit Court granted her "rehabilitative alimony" by providing that Dr. Kinney must hold her harmless on the judgment obtained by Guaranty National Bank.

These are the relevant and significant facts based on which it is the contention of Dr. Kinney that notwithstanding the label put on the hold harmless agreement by the order of the divorce court after remand entered on December 20, 1984, this provision is really in the nature of a property settlement and division of liabilities be-

tween the parties rather than an obligation imposed on him, truly in the nature of alimony or support. In support of this proposition, Dr. Kinney contends that this obligation does not carry any of the factors which, of course, have traditionally been considered to determine whether or not the obligation imposed on a spouse as a result of divorce is in fact alimony which would be nondischargeable, pursuant to § 523(a)(5) of the Bankruptcy Code or is actually a final property settlement which is dischargeable. *See In re Bell*, 47 B.R. 284 (Bkrtcy.E.D.N.Y.1985); *In the Matter of Basile*, 44 B.R. 221 (Bkrtcy.M.D.Fla. 1984); *In the Matter of Rachmiel*, 19 B.R. 721 (Bkrtcy.M.D.Fla.1982); *In the Matter of Newman*, 15 B.R. 67 (Bkrtcy.M.D.Fla. 1981) In this connection, Dr. Kinney points out that the obligation to hold Margaret Ann Kinney harmless does not cease upon her death or remarriage, a traditional hallmark of alimony provisions; that it was not based on any evidence which supported the disparate incomes of the parties; and that it had to be paid in lump sum and not in installments. There was no showing of evidence that Margaret Ann Kinney was in fact in need of support, and the Court which entered the divorce decree did not retain jurisdiction to reconsider this provision of the December 20 order. Of course, Dr. Kinney also points out correctly that the creditor bears the burden of proving that an obligation should be excepted from the Debtor's discharge, *In re Campbell*, 74 B.R. 805 (Bkrtcy.M.D.Fla.1987) and the labels placed on a provision in a divorce decree by the state court are not controlling as to whether or not an obligation imposed on a spouse by a divorce decree is in fact alimony or support must be determined with reference to federal law. *In re Hall*, 51 B.R. 1002 (Bkrtcy.Ga.1985) The contentions of Dr. Kinney are supported by the legislative history notes of the Committee on the Judiciary, House Report, 95–595, U.S.Code Cong. & Admin.News 1978, p. 5787, which indicates that debts which are based on an agreement by the Debtor to hold the Debtor's spouse harmless on joint debts are nondischargeable only to the extent that the agreement was in fact in a provision for alimony or in the nature of actual support of the spouse. In resolving the matter under consideration it should be noted that the proposition urged by Margaret Ann Kinney that the provision was structured in a manner to prevent Dr. Kinney from escaping his responsibility to hold her harmless through the bankruptcy discharge is immaterial. This is so because the divorce decree under consideration was entered after Dr. Kinney filed his voluntary petition, which fact is clearly indicative that the divorce court intended to make the hold harmless provision to be in the nature of support for the specific purpose to remove the obligation from the overall protective provisions of the general bankruptcy discharge. Nevertheless, considering the facts that the originally filed decree entered in this divorce case on December 29, 1981, expressly denied alimony, it is not unreasonable to conclude that the Circuit Court was satisfied that she should not be entitled to any alimony.

Based on the foregoing, this Court is constrained to consider that the hold harmless agreement for rehabilitative alimony is in fact an obligation for indebtedness and not support and the same is not within the exceptive provisions of § 523(a)(5). Thus, it is within the general protection of the general bankruptcy discharge entered in this Chapter 7 case.

A separate Final Judgment will be entered in accordance with the foregoing.