In re Clifford G. HALL, Debtor.

Constance HALL, Plaintiff,

v.

Clifford G. HALL, Defendant.

Bankruptcy No. 89–8771–9P7.
Adv. No. 90–097.

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Sept, 14, 1990.

Dennis L. Avery, Fort Myers, Fla., for plaintiff.

Jeffrey W. Leasure, Fort Myers, Fla., for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

THIS is a Chapter 7 case and the matter under consideration is a challenge of the

dischargeability of several obligations admittedly owed by Clifford Hall, the Debtor/Defendant (Debtor). The challenge is presented by a Complaint filed by the Debtor's former wife, Constance Hall (Plaintiff). In her Complaint, she contends that the debts due and owing by the Debtor to her should be declared to be nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code.

In Count I of the Complaint, the Plaintiff seeks a determination that a debt in the amount of $205,153.14 due and owing from the Debtor to the Plaintiff, based on a dissolution of marriage judgment, is nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. In Count II of the Complaint, the Plaintiff seeks a determination that a debt in the amount of $11,371.74, based on an award to the Plaintiff of attorneys fees and costs from the dissolution of marriage proceeding, is also nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. In Count III, based on § 727(a)(2)(A), the Plaintiff contends that in any event the Debtor's discharge should be denied. It was agreed by the parties that this Court should defer the consideration of this claim until after the Plaintiff's claim of nondischargeability is determined.

The facts relevant to the claims under consideration which were established at the final evidentiary hearing or were stipulated to by the parties are as follows:

The Plaintiff and the Debtor, former wife and husband, are Canadian citizens and were married in Canada on November 30, 1963. There are no minor children of the parties. In 1983, the parties left their residence in Canada and moved to Lehigh Acres, Florida. The Plaintiff and the Debtor began experiencing marital difficulties in early 1985, and on April 2, 1985, they executed a Separation Agreement. Thereafter, the Plaintiff returned to Canada and filed an action against the Defendant in Canada, which is comparable to an action for separate maintenance under Florida law. During the pendency of the Canadian proceedings, the Debtor agreed to pay the Plaintiff interim support in the amount of $350 per week, and he made payments until 1986.

In the Canadian proceedings, the Plaintiff claimed a one-half interest in a business known as "Gen–Rep, Ltd.", which was owned by the Debtor. The Debtor was informed by his counsel that under Canadian law, his wife could claim one half of his business. The Debtor, upon receiving that information, arranged to sell his business, and left Canada with approximately $150,000.00 in proceeds from the sale of his interest in Gen–Rep, Ltd., and moved to Florida. After the sale of his interest, the Debtor stopped all interim support payments.

On March 23, 1987, the Supreme Court of Ontario entered a judgment on behalf of the Plaintiff against the Debtor. The judgment consists of four parts: 1) a lump sum support award of $13,856.00, 2) an equalization of net family property award of $185,000.00, 3) ongoing support of $1.00 per month, and 4) attorneys' fees and costs, which were later determined to be $17,857.00.

In February 1987, the Plaintiff filed a dissolution of marriage action against the Defendant in Lee County, Florida. In June 1987, she filed another action in Lee County, Florida in order to domesticate the Canadian judgment. These two actions were subsequently consolidated and were tried together. On March 30, 1988, the Circuit Court entered a Final Judgment which dissolved the marriage, but did not accord comity to the Canadian Judgment. The Final Judgment entered by the Circuit Court was reversed by the Second District Court of Appeals, and the case was remanded back to the trial court. The trial court subsequently entered a Final Judgment in favor of the Plaintiff which awarded attorneys' fees and costs in the amount of $11,371.74 to the Plaintiff pursuant to *Fla.Stat.* § 61.16 for services rendered in connection with the appeal. The Final Judgment is the basis of the Plaintiff's claim set forth in Count II of the Complaint.

On November 22, 1989, the Circuit Court in Lee County entered an Amended Final

Judgment and granted comity to the Canadian Judgment and awarded the Plaintiff additional attorneys' fees and costs pursuant to *Fla.Stat.* § 61.16. As noted earlier, the Canadian judgment awarded to the Plaintiff $13,856.00 based on past due interim support that the Debtor failed to pay; a net equalization of property award in the amount of $185,000.00; and an award of $1.00 per month in periodic support, attorney fees, and costs, for a total of $205,-153.14 (U.S. dollars). The amount was based on the Canadian judgment, conversion rates, interest, amounts previously paid by the Debtor attorney fees and costs. Of the $205,153.54 awarded, $17,875.00 is for attorney fees and $551.56 is for court costs. It further appears that $13,008.88 is attributable to the unpaid periodic alimony award, while $173,715.19 is attributable to the net equalization of family assets award in the original Canadian judgment.

The award granted by the Amended Final Judgment is the subject of the claim set forth in Count I of the Complaint. It is the contention of the Plaintiff that the entire $205,153.14 (U.S. dollars) is nondischargeable because the award is in the nature of alimony, maintenance or support of spouse or child.

Section 523(a)(5) of the Bankruptcy Code addresses the dischargeability of a debt for alimony and provides as follows:

§ 523. **Exceptions to Discharge**

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(5) to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child in connection with a separation agreement, divorce decree, or other court of record, determination made in accordance with state or territorial law by a governmental unit or property settlement agreement, but not to the extent that—

. (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support.

It is appropriate to note at the outset that the underlying purpose of the Bankruptcy Code is to give the debtor a new opportunity in life and a fresh start in life, *Lines v. Frederick*, 400 U.S. 18, 91 S.Ct. 113, 27 L.Ed.2d 124 (1970). Debts owed by the debtor who seeks relief in the bankruptcy court are assumed to be dischargeable unless the party complaining that the debt is nondischargeable meets the burden of proving that nondischargeability. *In the Matter of Bonanza Import and Export, Inc.*, 43 B.R. 577 (Bankr.S.Dist.Fla. 1988); *In re Garner*, 881 F.2d 579 (8th Cir.1989). A party seeking to have a debt declared nondischargeable under § 523(a)(5) of the Bankruptcy Code has the burden to establish with competent proof that the debtor's obligation is actually alimony, maintenance, or support. *Tilley v. Jesse*, 789 F.2d 1074 (4th Cir.1986). Obligations to pay attorney fees for a former spouse may be declared to be nondischargeable if the attorney fees are related to obtaining an award for alimony, maintenance, or support of the spouse of the debtor. *In the Matter of Breen*, 50 B.R. 454 (Bankr.Del.1985). What is or what is not within the exception to discharge within the provisions of § 523(a)(5) must be determined with reference to federal bankruptcy law, and not by the laws used or with reference to local law. *In re Hall*, 40 B.R. 204 (Bankr.M.D.Fla.1984); *In the Matter of Vande Zande*, 22 B.R. 328 (Bankr.W.D.Wisc.1982).

There are several factors to be considered in determining whether an obligation stemming from a dissolution of marriage proceeding is in the nature of alimony, support or maintenance, or whether it is, in fact, a property settlement. These factors include whether the obligation is subject to contingencies such as remarriage or death, whether the payment appears to balance disparate incomes, whether the obligation is payable in installments or in a lump sum, whether there are minor children, whether there was an actual need for support at the time it was awarded, whether the award is modifiable, the manner of enforcement of the award, i.e., by

contempt or by execution and levy, and whether there was a division of property and allocation of debts between the parties. *See In re Bell,* 47 B.R. 284 (Bankr.E.D.N.Y.1985), *In the Matter of Basile,* 44 B.R. 221 (Bankr.M.D.Fla.1984), *In the Matter of Rachimel,* 19 B.R. 721 (Bankr.M.D.Fla. 1982), *In the Matter of Newman,* 15 B.R. 67 (Bankr.M.D.Fla.1981).

■ Rather than simply accepting the label used by the parties or by the court characterizing a particular obligation imposed on the Debtor by the Final Judgment dissolving the marriage, the Court must look to the substance of the Final Decree which dissolves the marriage and the nature of the obligation. *In re Usher,* 442 F.Supp. 866 (M.D.Ga.1977). Essentially, the Court must go beyond the language of the decree and attempt to determine the intent of the parties and the substance of the obligation. *Shaver v. Shaver,* 736 F.2d 1314 (9th Cir.1984).

Considering both the Order and Final Judgment of June 20, 1989, and the Amended Final Judgment of Dissolution of Marriage of November 22, 1989, this Court is satisfied that some of the debts due and owing to the Plaintiff by the Debtor can be fairly characterized as obligations in the nature of alimony and support and are therefore nondischargeable under § 523(a)(5) of the Bankruptcy Code. On the other hand, other obligations imposed on the Debtor are more in the nature of a property settlement and therefore cannot be excepted from the general protective provisions of the discharge.

■ Specifically, the award of $13,008.88 granted to the Plaintiff based on past due interim support that the Debtor failed to pay does, in fact, clearly represent payments in the nature of alimony and support. This award of support was payable in weekly installments, was based on the Plaintiff's needs, and was modifiable based upon showing of material change in circumstances. Accordingly, this debt due and owing by the Debtor to the Plaintiff in the amount of $13,088.88 is excepted from the provisions of the general discharge pursuant to § 523(a)(5) of the Bankruptcy Code.

■ The award of support in the amount of $1.00 per month was characterized by the Canadian Court as support payment. It takes no great imagination to concur that no one can be supported on an award of $1.00 a month. This award may be explained by drawing two opposite inferences, neither of which is supported by the record. The first is that in light of the large property settlement award, the Canadian Court concluded that the wife is not in need of alimony, but because the Canadian law requires an award, they made this token award in order to comply with the requirements of Canadian law. On the other hand, it also may be inferred that the property settlement award was actually intended to be support but because of tax reasons, or some other reason, was labelled as "net equalization of property" and not alimony or support. As noted, however, neither of these inferences are really supported by the record, and in the absence of any proof this Court is constrained to accept the label placed on the $1.00 a month award and concludes that this award also is excepted from the overall protection of the general bankruptcy discharge based on § 523(a)(5) of the Bankruptcy Code.

■ The portion of the Canadian judgment that was incorporated into the Amended Final Judgment and which granted an award to the Plaintiff to equalize family property appears to be a property settlement, rather than an award of alimony, maintenance or support. Both the Plaintiff and the Debtor stipulated that the laws of Canada, specifically the Statutes of the Province of Ontario, are the applicable laws to the they are relevant to the matter under consideration. The Ontario Statutes provide for an equalization of net family properties and state in pertinent part that

> When a divorce is granted or a marriage is declared a nullity, or when the spouses are separated and there is no reasonable prospect that they will resume cohabitation, the spouse whose net family property is the lesser of the two net family properties is entitled to one-half the difference between them.

*Family Law Act, Chapter 4, Sect. 5(1), Ont.Stat.1986, as amended by Chapter 5, Ont.Stat.1986.* Based on the Statute, it is evident that the award of the sum of $173,-715.19 was, in fact, a monetary compensation of the Plaintiff's interest in the family property.

This leaves for consideration the award of attorney fees as awarded by the Canadian judgment in the amount of $17,-875.00, as well as the award of attorney fees in the Final Judgment of Dissolution of Marriage in the amount of $11,371.74 awarded in Florida. This Court follows the line of cases that holds that an obligation to pay attorney fees is so entwined with the obligation of support that it can be considered in the nature of support and alimony and excepted from the provisions of the discharge. *See In re Spong,* 661 F.2d 6 (2d Cir.1981); *In re Morris,* 14 B.R. 217 (Bankr.D.Colo.1981); *In re Midnet,* 84 B.R. 776 (Bankr.N.D.Fla.1988). This proposition is also supported by *Fla.Stat.* 61.16, which provides in part that a state court may, after considering the financial resources of both parties, award reasonable attorney's fees and the cost of maintaining or defending a proceeding under Chapter 61 of the Florida Statutes (Dissolution of Marriage). Clearly then, the award of attorney fees in both the Final Judgment and Amended Final Judgment can be characterized as in the nature of support or alimony and excepted from the general provisions of the discharge pursuant to § 523(a)(5) of the Bankruptcy Code.

In summary, this Court is satisfied that the debts owed by the Debtor to the Plaintiff in the amounts of $17,875.00 and $11,-371.74 for attorney fees, $551.56 for court costs, and $13,008.88 for alimony are nondischargeable pursuant to § 523(a)(5) of the Bankruptcy Code. Additionally, any debts attributable to the $1.00 monthly support award is also nondischargeable. However, the debt owed by the Debtor to the Plaintiff in the amount of $173,715.19 which is attributable to net equalization of property is dischargeable.

A separate Final Judgment will be entered in accordance with the foregoing.

DONE AND ORDERED.